## 64696. MASSENGALE v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for child molestation.

The indictment alleged that the offense was committed "between June 1, 1979, and July 15, 1979, the exact date being unknown." The defendant contends that this failure to allege the specific date of the offense rendered the indictment fatally defective and that the court consequently erred in denying his "special

demurrer" to it. He further contends that the evidence did not support the verdict and that the trial court erred in failing to give his requested charge on simple battery as a lesser included offense. *Held:*

1. "Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. *Carmichael v. State,* 228 Ga. 834, 837 (188 SE2d 495) (1972). An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. (Cits.)" *Cherry v. State,* 159 Ga. App. 75 (1) (282 SE2d 717) (1981). Accord *McCord v. State,* 248 Ga. 765, 766 (285 SE2d 724) (1982).

The defendant in this case, as in *Carmichael v. State,* supra, offered no alibi evidence, nor did he at any time request a continuance on the ground of surprise, nor did he otherwise express a need for additional time to rebut any evidence presented by the state. Consequently, it does not appear that the failure to allege the specific date of the offense in the indictment materially affected his ability to present a defense, and the court did not err in denying his special demurrer.

2. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the offense charged. See Code Ann. § 26-2019. While neither the victim nor the other eyewitness, all of whom were children, could provide the date on which the offense occurred, all were in agreement that it occurred during the summer of 1979, at which time the victim was under 14 years of age.

3. The court did not err in failing to charge the jury on simple battery. The defendant offered no testimony which would have authorized a finding that he had committed simple battery upon the victim but simply denied that anything at all had taken place between them. Nor may it reasonably be inferred from the testimony of any of the state's witnesses that he was guilty merely of simple battery rather than child molestation. *McCord v. State,* supra, 766-767.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 20, 1982.

*Charles H. Lumpkin, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert H. Sullivan,*

*Assistant District Attorney,* for appellee.