## 42065. THURMAN v. THE STATE.
(336 SE2d 746)

BELL, Justice.

Betty Jean Wimes Thurman was found guilty and sentenced to life imprisonment for the murder of her husband, M. C. Thurman.[1]

---

[1] This crime was committed December 4, 1983. The jury returned its verdict of guilty and the court sentenced appellant July 10, 1984. Appellant filed a motion for new trial August 3. The court reporter certified the trial transcript as ready August 7, 1984. The motion was heard October 5, 1984. On October 29 the court reporter certified the transcript of the motion for new trial hearing. The motion was denied November 16, 1984.

Appellant filed a notice of appeal December 4, 1984, and the appeal was docketed in this court February 26, 1985. Oral arguments were heard on May 6, 1985.

Her motion for a new trial was denied, and she now appeals. We affirm.

On the afternoon of December 4, 1983, appellant went to the Jones County Sheriff's office following a fight with her husband. She was asked if she wished to take out a warrant for her husband's arrest, but she declined to do so. A sheriff's deputy drove appellant home, leaving her in front of her house.

Later that afternoon deputies were called to the appellant's house where they found M. C. Thurman sitting on the living room sofa, dead from a .22 caliber rifle wound to the chest. The rifle was found next to the sofa. Subsequent tests indicated that M. C. Thurman's blood alcohol content was .36 and appellant's was .17.

Appellant subsequently gave a statement to sheriff's deputies, which was read to the jury. According to her statement, on the day of the killing she and her husband went to a friend's house and drank "a great deal of vodka and Budweiser," beginning about 10 a.m. After they left the friend's house that afternoon, appellant's husband pulled a knife and cut her on the throat, arm, leg, and back. She ran away, and went to the sheriff's office, where she reported the cutting. She was asked whether she wanted to swear out a warrant against her husband, but she declined the offer, and instead telephoned his brother and asked him to remove her husband from the couple's house until he was sober. She stayed at the sheriff's office until she thought his brother had had enough time to get him, then rode home with a deputy. She entered the house on the assumption that the victim was not there, but found him sitting on the living room sofa with his head down. She spoke to him, but received no response.

Appellant said that she went into the bathroom to wash off blood from her cuts. The house did not have running hot water, so she decided to heat some water on a hot plate in the kitchen. As she walked back through the living room on her way to the kitchen, she noticed a rifle in the victim's lap. Afraid that he was going to shoot her, she tried to take the rifle from him by running into him and grabbing the weapon. During the struggle the rifle discharged, killing the victim.

Expert testimony revealed that the victim's death was the result of a contact wound, with the rifle's muzzle pressed against his body at the time of firing.

Felton Richardson, a witness for the prosecution, testified that on December 4, 1983, he picked up appellant in his truck. She had cuts on her body and was very upset. According to Richardson, appellant told him that her husband had jumped on her and cut her, and that she was going to kill him. Richardson tried to dissuade her, but she said that she was "going to kill him that day." Richardson then drove her to the sheriff's office.

When she testified at trial, appellant denied having ridden with

Richardson.

1. Appellant raises seven enumerations of error. In her first three she contends that the court erred by allowing the state to cross-examine her concerning an incident, dating about six years before the killing, in which she shot the victim during a domestic quarrel. Appellant contends the prior shooting incident was too remote in time to have been admissible. We disagree. *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985).

Appellant also makes several other contentions on appeal in her attempt to show that the court erred by allowing evidence of the prior shooting to be introduced. None of these grounds was raised in the trial court, and therefore they will not be considered on appeal.[2] *Williams v. State*, 255 Ga. 97 (4) (335 SE2d 553) (1985).

2. Appellant raises the general grounds in her remaining enumerations of error. In essence, she argues that the killing was accidental and that the state failed to meet its burden of proof to show that she had the requisite intent to be guilty of murder.

However, a review of the record in this case in the light most favorable to the prosecution shows that a rational factfinder could have found beyond a reasonable doubt that the killing was not accidental, and that appellant was guilty of the crime of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the state met its burden of proof, and there is no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1985 —
RECONSIDERATION DENIED DECEMBER 19, 1985.

*F. Robert Raley,* for appellant.

*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.

---

[2] After appellant's counsel had objected on the ground of remoteness and moved for a mistrial, the court asked him whether he had anything else on the motion, to which counsel replied that he did not.