### 73014. JOHNS v. THE STATE.
(352 SE2d 826)

McMurray, Presiding Judge.

Defendant was indicted for the offense of child molestation. At trial, the victim testified that defendant, who was the victim's stepfather, performed acts "[d]uring March 1981" which constituted the crime of child molestation. The State also introduced evidence showing that defendant performed similar sexually-oriented acts during 1981 with the victim's older sister, who was then 14 years of age. Both girls were sexually molested in their bedrooms after others who lived in the household were in bed. Finally, the State introduced into evidence the defendant's statement wherein he admitted sexually molesting the victim and her older sister. From this and other evidence introduced at trial defendant was found guilty of molesting his eleven-year-old stepdaughter. The trial court denied defendant's motion for new trial and this appeal followed. *Held*:

1. In his first enumeration of error defendant contends that the indictment failed to sufficiently show the time the offense occurred. The indictment alleged the crime occurred "between March 1981 and September 1981."

" 'Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. *Carmichael v. State*, 228 Ga. 834, 837 (188 SE2d 495) (1972). An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. (Cits.)' *Cherry v. State*, 159 Ga. App. 75 (1) (282 SE2d 717) (1981). Accord *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982)." *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371).

In the case sub judice, the evidence showed that the defendant committed the offense alleged in the indictment during March 1981. Consequently, since the evidence showed that the defendant committed the offense of child molestation within the statute of limitations and during the time alleged in the indictment, this enumeration is without merit. See *Massengale v. State*, 164 Ga. App. 57 (1), supra. Further, after thoroughly examining the record and transcript, it does not appear that the failure to allege the specific date of the offense in the indictment materially affected the defendant's ability to present a

defense. The trial court did not err in denying defendant's demurrer to the indictment.

2. The defendant next contends that "the evidence was insufficient to convict because the evidence at the trial failed to establish that the alleged offense occurred within the period alleged in the indictment." This argument is not supported by the record. See Division 1 of this opinion. The indictment alleged that the crime occurred "between March 1981 and September 1981." The victim testified that the defendant molested her in March 1981. See *Massengale v. State*, 164 Ga. App. 57, supra.

3. In his third enumeration of error defendant contends that the trial court erred in denying him access to the victim's alleged juvenile record.

An examination of the record in this regard shows that the victim was never adjudicated a delinquent or an unruly child by the juvenile court. However, assuming the contrary, such an adjudication could not be used to impeach the witness. *Smith v. State*, 154 Ga. App. 190, 192 (3) (267 SE2d 826). Consequently, the trial court did not err in denying defendant access to the victim's alleged juvenile record.

4. Defendant's fourth enumeration of error contends that the trial court erred in denying him the opportunity to cross-examine the victim with regard to her prior juvenile record. "The scope of the cross-examination rests largely with the trial judge, and his discretion will not be controlled by a reviewing court unless it is abused. The trial court may properly restrict the cross-examination to matters material or relevant to the issues. *Jones v. State*, 135 Ga. App. 893, 897-898 (5) (219 SE2d 585); *Allen v. State*, 137 Ga. App. 302, 303 (3) (223 SE2d 495); *Birge v. State*, 143 Ga. App. 632, 634-635 (4) (239 SE2d 395)." *Smith v. State*, 154 Ga. App. 190, 191 (2), supra. Under the circumstances of the case sub judice, the trial court did not abuse its discretion in prohibiting defense counsel from probing into the victim's alleged juvenile record. Such matters were not relevant to the issue before the court.

5. Defendant enumerates error as to the admission of evidence concerning similar acts of sexual misconduct committed by defendant against the victim's 14-year-old sister. This argument is without merit. This evidence was admissible. *Childs v. State*, 177 Ga. App. 257, 258 (1) (339 SE2d 311); *Carter v. State*, 177 Ga. App. 647 (1) (340 SE2d 622).

6. The pivotal issue in defendant's final enumeration of error is whether the trial court erred in allowing the State to introduce into evidence defendant's incriminating statement. Defendant argues that his statement should have been suppressed because interrogation continued after he requested the assistance of counsel. See Daniel, Ga. Crim. Trial Prac. (1985 ed.), §§ 5-9; 5-16.

Prior to interrogation, defendant was advised of his right to have counsel present during questioning. Defendant acknowledged that he understood his rights and voluntarily submitted to police interrogation, waiving his right to counsel. There was no evidence of threats, intimidations, promises or inducements. At the conclusion of the interview, it is undisputed that defendant said: " 'If y'all are going to press charges, let me know so I can [get] a lawyer.' " The record and transcript support the trial court's finding that the defendant's statement was voluntary. See *Tucker v. State*, 170 Ga. App. 782 (1) (318 SE2d 147).

Judgment affirmed. Carley and Pope, JJ., concur.

DECIDED JANUARY 14, 1987.

*George L. Williams, Jr.*, for appellant.

*Theron E. Finlayson, District Attorney, George R. Christian, Assistant District Attorney*, for appellee.