## 44113. LLOYD v. THE STATE.
(355 SE2d 423)

Hunt, Justice.

Bernice Mae Lloyd was convicted by a jury and received a life sentence for the murder of her ex-husband, Timothy Manning.[1] She argues that a new trial should have been granted because the verdict is strongly against the weight of the evidence and because certain "dying declarations" should have been excluded.

1. Nothwithstanding her contention, supported by expert testimony, that her acts were the product of fear consistent with the battered woman's syndrome,[2] the jury was authorized to find that her killing the victim with a shotgun as he approached her in the kitchen of her home was an intentional, malicious act. Thus the evidence, viewed in favor of the verdict, would have authorized a rational factfinder to find her guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under these facts, the trial court did not abuse its discretion in denying her motion for a new trial on the general grounds. E.g., *Drake v. State*, 241 Ga. 583 (247 SE2d 57) (1978).

2. We find no error in the admission in evidence of certain of the victim's statements as dying declarations. OCGA § 24-3-6. The evidence, although conflicting, amply supported the required foundation, and the jury was properly charged that it must find beyond a reasonable doubt that the statements were made by the victim while in a dying condition and while aware that he was in such a condition before it could consider the victim's statements. *Carter v. State*, 227 Ga. 788, 794 (183 SE2d 392) (1971).

3. By supplemental brief, filed by the defendant's new attorney, the defendant raises for the first time on appeal ineffective assistance of counsel. Under *Smith v. State*, 255 Ga. 654, 655 (341 SE2d 5) (1986), the case is remanded to the trial court for a hearing on this issue.

*Judgment affirmed and remanded. All the Justices concur.*

---

[1] This shooting occurred on November 16, 1984, and the victim died on December 27, 1984. The defendant was indicted for murder on March 6, 1985 and tried between November 13 and 15, 1985. She filed her motion for new trial on December 13, 1985, and the transcript was certified on September 1, 1986. The motion for new trial was denied and filed on October 31, 1986. Her notice of appeal was filed in the Glynn Superior Court on November 18, 1986, docketed here on November 25, 1986, and submitted for decision on January 9, 1987.

[2] For an analysis of the battered woman's syndrome, see *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981); *Sanders v. State*, 251 Ga. 70 (303 SE2d 13) (1983); *Clenney v. State*, 256 Ga. 116 (344 SE2d 216) (1986).

DECIDED MAY 6, 1987 —
RECONSIDERATION DENIED MAY 27, 1987.

*Nathan & Nathan, Michael H. Dunn, John W. Davis,* for appellant.

*Glenn Thomas, Jr.,* District Attorney, *John B. Johnson III,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* Assistant Attorney General, for appellee.