## 44645. GRIER v. THE STATE.
(361 SE2d 379)

BELL, Justice.

Anita Darnelle Grier was convicted of cruelty to children and sentenced to twenty years in prison for repeatedly burning her daughter, Amanda Grier, with a cigarette. She appeals and we affirm.[1]

1. Appellant contends the trial court erred in ruling the child victim competent to testify because Amanda, who was four years old at the time of the trial, did not acknowledge that she would be punished by the court if she told a lie. The appellant also contends that the court erred in overruling her objection to leading questions by the prosecution during the competency hearing held outside the presence of the jury.

We find no error. A child is competent to testify if the court is

---

[1] The incidents occurred in September 1985. Appellant was indicted by the September Term 1985 grand jury and was tried on December 3-4, 1986. Her sentence was filed in the superior court on December 5. Her motion for new trial was filed on December 29, 1986, and was denied on March 25, 1987. Appellant filed her notice of appeal on April 20, and on May 6, 1987, the appeal was docketed in this court. On June 19, 1987, appellant submitted her appeal for decision without oral argument.

satisfied that the child knows and appreciates the fact that "as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation, he is subject to be punished by the court." *Smith v. State*, 247 Ga. 511, 511-512 (277 SE2d 53) (1981). Accord *Alvin v. State*, 253 Ga. 740 (6) (325 SE2d 143) (1985).

The trial transcript indicates that Amanda's answers during the competency hearing sufficiently established her competency. Accordingly, the court did not abuse its discretion in so holding. Furthermore, it is well settled that the court may allow leading questions of a child witness. OCGA § 24-9-63; *Tanner v. State*, 228 Ga. 829 (188 SE2d 512) (1972).

2. Appellant also contends the evidence was insufficient to support the verdict against her. The child testified at trial that her mother had burned her with a cigarette, and several witnesses testified that she had made out-of-court declarations to the same effect. The testimony that the child was burned repeatedly with a lit cigarette was corroborated by pictures of her wounds taken at the emergency room. The physician who treated her in the emergency room testified that he thought she had been burned with a cigarette. Another doctor who saw the wounds four days after Amanda's emergency room visit testified in support of defendant's claim that it might be possible that the child's wounds resulted from impetigo, a disease which causes small, round sores similar in appearance to cigarette burns. However, he also stated it was possible the wounds were the result of cigarette burns. Construing this evidence most favorably to the state, we cannot say the evidence was insufficient to support a conviction by a rational factfinder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Relying on the Sixth and Fourteenth Amendments, appellant makes several contentions which contest the constitutionality of OCGA § 24-3-16, the statute under which the hearsay statements of the child were admitted. One of her assertions is that § 24-3-16 is defective in that it does not require the victim to be "available" for testimony in the sense of being competent to testify. However, this contention has no merit, as appellant's daughter was correctly declared competent to testify. Appellant therefore lacks standing to raise this issue. See *Stover v. State*, 256 Ga. 515 (1) (350 SE2d 577) (1986); *Eberhardt v. State*, 257 Ga. 420 (1) (359 SE2d 908) (1987).

We find that appellant's remaining assertions of § 24-3-16's constitutional deficiencies present no reversible error, since they are unsupported by arguments or citations of authority. We therefore deem them abandoned under Supreme Court Rule 45.

*Judgment affirmed. All the Justices concur.*

*Fletcher W. Griffin III,* for appellant.
*Thomas C. Lawler III, District Attorney,* for appellee.