76342. GREEN v. THE STATE.
76351. MIMS v. THE STATE.
(370 SE2d 348)

CARLEY, Judge.

Appellants Anthony Lee Green and Sheonne Mims were indicted for the offense of trafficking in cocaine, in that they were "knowingly in actual possession of more than 400 grams of a mixture with a purity of more than ten percent cocaine." Appellant Green was also indicted for possession of a firearm by a convicted felon. The jury returned a verdict of guilty as to all counts. Appellants filed separate appeals which are hereby consolidated for disposition in this single opinion.

1. Appellant Mims enumerates as error the denial of her motion to suppress certain items which were seized from an apartment.

Appellant Mims concedes that the seizure of the actual cocaine from the apartment, which seizure was accomplished by employees of the apartment complex, was not a violation of her Fourth Amendment rights. This is so because the apartment complex employees were neither agents of the State nor were they acting pursuant to any police instructions. Appellant Mims urges, however, that subsequent searches of the apartment, which were conducted by a police officer with the consent of the apartment complex employees, were unlawful and that the evidence which was seized during those searches should have been suppressed.

"Generally, the lessor of real property has no authority to con-

sent to a warrantless search of rental property which is *subject to an existing lease arrangement.* [Cits.]" (Emphasis supplied.) *Browning v. State,* 176 Ga. App. 420, 421 (1) (336 SE2d 41) (1985). In this case, however, there was evidence which would authorize the trial court to find that, at the time that the entries by the police officer occurred, appellant Mims had neither leased nor was residing in the apartment, and that she had no contractual rights in the premises which were in any way superior to those of the apartment complex employees. Accordingly, the contested evidence was the product of lawful searches conducted pursuant to the valid consent of the apartment complex employees.

Moreover, even assuming that the trial court erred in denying appellant Mims' motion to suppress, the reversal of her conviction would not necessarily result. The objects which were subsequently removed by the police were merely cumulative of the large amount of cocaine which previously had been found in the apartment by the apartment complex employees. As noted, the seizure of the cocaine itself, the possession of which contraband actually underlay the prosecution of appellants, is not contested. "If the admission of tainted evidence is harmless beyond a reasonable doubt the conviction will stand. [Cit.] When the properly admitted evidence to sustain a guilty verdict is overwhelming so as to negate the possibility that the tainted evidence contributed to the verdict, the constitutional error may be harmless. [Cit.] We find it harmless in this case. . . ." *Ellis v. State,* 256 Ga. 751, 755 (2) (353 SE2d 19) (1987).

2. Each of the appellants enumerates the general grounds.

OCGA § 16-13-31 (a) (1) requires proof that the defendant was "knowingly in actual possession" of cocaine. The evidence in this case, although it was for the most part circumstantial, was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that appellant Mims was knowingly in actual possession of more than twenty-eight grams of cocaine and that appellant Green was a party to the crime. The proved facts were not only consistent with the hypothesis of guilt, but they also excluded every other reasonable hypothesis except that appellant Mims had placed the cocaine in the apartment where it was discovered and removed by the apartment complex employees, and that appellant Green had then aided and abetted her in its recovery. "[A] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. [Cit.] . . . Although appellants testified they knew nothing about the [cocaine] their credibility was a question for the jury. [Cit.] . . . It is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more of the conspirators is in legal contemplation the act of all. [Cits.]" *Evans v. State,* 167 Ga. App. 396, 397 (1) (306 SE2d 691)

(1983). See also *Robinson v. State,* 175 Ga. App. 769 (3) (334 SE2d 358) (1985). "Whether he had physical possession of the cocaine, [appellant Green] aided and abetted its actual physical possession and is guilty of the offense of trafficking under OCGA § 16-13-31 and under § 16-2-20, as a party to the crime. . . . The 'actual possession' required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking." *Barrett v. State,* 183 Ga. App. 729, 735-736 (2) (360 SE2d 400) (1987).

We note that the trial judge did instruct the jury that it "would be authorized to convict only if they should find beyond a reasonable doubt that the defendant[s] had actual *or constructive possession* either alone or jointly with others of the contraband." (Emphasis supplied.) Subsequent to the trial of this case, the giving of such a charge in a trafficking in cocaine case was found to be reversible error. *Lockwood v. State,* 257 Ga. 796 (364 SE2d 574) (1988). This issue cannot be raised on appeal by either appellant, however, because their counsel waived any objection to the instructions which were given by the trial court. See *Leverett v. State,* 254 Ga. 691 (1) (333 SE2d 609) (1985). The only issue which appellants are entitled to raise on appeal is the sufficiency of the evidence of their actual possession of the contraband. We find the evidence as to that issue to be sufficient to meet the standard of proof established by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant Green enumerates as error the trial court's exclusion from evidence of testimony by appellant Mims concerning certain statements which had been made to her by her stepfather. The record shows that the exclusion of the testimony occurred during the direct examination of appellant Mims. To the extent that there was no proffer of the excluded testimony, there is nothing to review. See *Hickox v. State,* 138 Ga. App. 882 (3) (227 SE2d 829) (1976). To the extent that a proffer was made, the testimony was properly excluded. See *Green v. State,* 153 Ga. 215 (2) (111 SE 916) (1922).

4. Appellant Green enumerates error as to a portion of the closing argument of counsel for the State. There was no objection to the argument below and, therefore, there is nothing to be reviewed on appeal. *Benton v. State,* 184 Ga. App. 684 (3) (362 SE2d 421) (1987); *Hamilton v. State,* 181 Ga. App. 279 (2) (351 SE2d 705) (1986).

5. The failure of his trial counsel to object to the alleged improper closing argument of counsel for the State discussed in Division 4 is urged in support of appellant Green's enumeration of error which raises the ineffective assistance of his counsel.

"Because [appellant Green] is represented on appeal by different counsel than at trial, we remand the case to the trial court for a hear-

ing and appropriate findings concerning the issue of ineffective assistance of counsel. [Cit.]" *Wadley v. State*, 257 Ga. 280, 281 (4) (357 SE2d 588) (1987). "As the instant case was not pending in the trial court prior to the publication of the Supreme Court's decision in *Thompson v. State*, [257 Ga. 386 (359 SE2d 664) (1987),] it is controlled by *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986) [and we need not decide what effect, if any, *Thompson v. State*, supra, would have under the facts here]." *Foote v. State*, 184 Ga. App. 900, 901 (1) (363 SE2d 180) (1987).

*Judgment affirmed and case remanded with direction in Case Number 76342. Judgment affirmed in Case Number 76351. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1988 —
REHEARINGS DENIED JUNE 2, 1988 —

*Janet G. Scott*, for appellant (case no. 76342).
*Ansell T. Maund III*, for appellant (case no. 76351).
*Robert E. Keller, District Attorney, Albert B. Collier, Clifford A. Sticher, Assistant District Attorneys*, for appellee.