## 77186. BURGESS v. THE STATE.
### (377 SE2d 543)

BEASLEY, Judge.

Following the denial of his motion for new trial, Burgess appeals his conviction and sentence for child molestation, OCGA § 16-6-4 (a). Burgess was indicted for statutory rape, OCGA § 16-6-3. He does not appeal his conviction and sentence for escape, OCGA § 16-10-52, despite his challenge to the fairness of the trial.

The evidence viewed so as to uphold the verdict, Thomas v. State, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed the following: Burgess took his girl friend's three young children to visit a neighbor's farm. He instructed the six-year-old and three-year-old to remain at the chicken house and took the nine-year-old girl into the woods. He told the girl to pull her clothes down. He pulled her underwear down around her ankles. Burgess took off some of his clothes and laid down on top of her. He stuck his penis in the girl's vagina and began moving up and down. Burgess stopped when he saw the farm's owner, who had come to investigate when he saw the two youngest children standing by themselves with Burgess and the older girl not in sight. Burgess instructed the girl to run back into the woods, which she did. She pulled her clothes back on.

The farm's owner testified that he saw Burgess and the girl lying in a low place in the woods and that Burgess was on the little girl, "hunching up and down," "sexing her." Although the examining physician saw no evidence of injury to the child more than a day after the incident, he agreed that he could not be medically certain that the victim did not have sexual intercourse, and that if the grown man had not actually penetrated the vagina but had merely rubbed his penis up and down between the girl's legs, there would be no visible signs.

1. Appellant contends the State failed to prove his guilt beyond a reasonable doubt. The evidence was sufficient to enable any rational trier of fact to find Burgess guilty of child molestation beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in charging the

jury that child molestation was "as a matter of law" a lesser included offense of statutory rape. He argues that he was deprived of due process because he was indicted only for statutory rape, in narrow terms, and there were no allegations relating to the more general separate offense of child molestation. Child molestation, he contends, has heretofore not been determined to constitute an included offense of statutory rape as a matter of law.

OCGA § 16-1-6 provides that a crime is a lesser included offense when, "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; . . ." or "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

The statute provides for a "more lenient 'alternative'·test, rather than the narrower 'conjunctive' standard prevailing in federal courts," *Ramsey v. State*, 145 Ga. App. 60, 64 (10) (243 SE2d 555) (1978), rev'd on other grounds, 241 Ga. 426 (246 SE2d 190) (1978), applying *Pryor v. State*, 238 Ga. 698 (234 SE2d 918) (1977). That is, a lesser offense may be included in the greater offense as a matter of fact *or* as a matter of law.

The indictment charged that Burgess "did engage in sexual intercourse with [the victim], a female under the age of 14 years, not his spouse." The narrower wording of the act, which because it is more physically invasive is a greater offense, fits within the definition of child molestation, which occurs when one "does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4. The latter is lesser in degree in relation to statutory rape. *Glisson v. State*, 181 Ga. App. 585 (1) (353 SE2d 202) (1987). It is lesser in that it is an act approaching but not reaching sexual penetration.

Contrary to appellant's contention, the trial court did not charge the jury that child molestation was a lesser included offense of statutory rape "as a matter of law" but that after considering the testimony and evidence presented, if the jury did not find defendant guilty of statutory rape, it could in this case then consider the lesser included offense of child molestation. The evidence shows that child molestation was a lesser included offense of statutory rape as a matter of fact. See *Coker v. State*, 164 Ga. App. 493, 495 (3) (297 SE2d 68) (1982).

The trial court did not err in instructing the jury that it could return a verdict on child molestation. *Lamar v. State*, 243 Ga. 401, 402 (3) (254 SE2d 353) (1979); *Parker v. State*, 256 Ga. 543, 548 (2) (350 SE2d 570) (1986).

3. Appellant contends that the trial court abused its discretion in allowing the victim to testify over his objection to her competency.

"A child is competent to testify if the court is satisfied that the child knows and appreciates the fact that 'as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation, he is subject to be punished by the court.' [Cits.]" *Grier v. State*, 257 Ga. 539 (1) (361 SE2d 379) (1987), applying OCGA §§ 24-9-5 and 24-9-7 (a).

The child, who was nine or ten and in the third grade when she testified, stated: she knew what the truth was; it was better to tell the truth than to lie; she was going to tell the truth; she might get in trouble if she lied. She also testified that she understood what it would be if she was asked to raise her hand and swear to tell the truth, that it would be an oath, and that if she violated the oath and told lies there was a penalty and she might get in trouble.

The trial court did not abuse its discretion in finding the child victim competent to testify.

4. Appellant contends that the trial court erred in overruling his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), challenging the State's use of its peremptory strikes.

Defendant, who is black, made his challenge to the jury chosen following the dismissal of the venire panel but prior to the jury being sworn. See *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987). The State's initial response to the motion was that it was untimely because the panel had been dismissed and also that defendant had failed to make the required prima facie showing.

The State then related numerical data about the strikes exercised on the panel of forty-two from which the jury of eleven whites and one black (8.3%) were selected. Of the forty-two veniremen, six (14.3%) were black. Of the State's ten strikes, it used six on white persons (60%) and four on blacks (40%). By its strikes, the State excluded 66.6% of the black veniremen. Of the defense's twenty strikes, nineteen (95%) were used to strike whites and one (5%) to strike blacks.

As to the reason for the strikes, the State concluded that it had "a good reason for each and every one, . . . a racially neutral reason," but that it would not have to go further because of the asserted defects in defendant's motion and showing.

"To establish a prima facie case of purposeful discrimination in jury selection under *Batson*, a defendant must show 'that he is a member of a cognizable racial group, [Cit.] . . . that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race, . . . that these facts and any other relevant circumstances raise an inference that the prosecutor used [the]

practice [of peremptory strikes] to exclude the veniremen from the petit jury on account of their race . . . Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors . . . (T)he prosecutor may not rebut the defendant's case . . . merely by denying that he had a discriminatory motive . . . The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination.' [Cit.]" *Barton v. State*, 184 Ga. App. 258, 259 (2) (361 SE2d 250) (1987).

The statistics, as "other relevant circumstances," raise an inference of racial motive. *Aldridge v. State*, 258 Ga. 75, 79 (4) (365 SE2d 111) (1988). With the inference completely unrebutted, we would have to conclude that the State's use of peremptory challenges resulted in racial discrimination, because although the panel was 14.3% black, the jury was only 8.3% black. Compare *Aldridge*, supra. Thus a prima facie case was made out.

"Since the trial court did not require the prosecution to explain its use of its peremptory challenges, we remand the case to allow the State's attorney to do so, after which the trial court shall make findings under *Batson*. See *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987); *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986). If the trial court determines that the State's challenges violated *Batson*, a new trial with a properly composed jury shall be ordered; if it determines that there was no *Batson* violation, the conviction shall remain in effect. Either party may file a notice of appeal from the trial court's ruling made after remand." *Barton v. State*, supra at 260 (2).

*Case remanded with direction. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1989.

*David F. Dickinson*, for appellant.
*John M. Ott, District Attorney, J. Ellis Millsaps, Assistant District Attorney*, for appellee.