A89A0396. HUTTON v. THE STATE.
(384 SE2d 446)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of child molestation and aggravated child molestation. Appellant appeals from the judgments of conviction and sentences that were entered by the trial court on the guilty verdicts.

1. Appellant enumerates as error the trial court's finding that the four-year-old victim was competent to testify.

Prior to its 1989 amendment, Ga. L. 1989 (Act 674), former OCGA § 24-9-5 provided that "[a] child is competent to testify if the court is satisfied that the child knows and appreciates the fact that 'as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation, he is subject to

be punished by the court.' [Cits.]" *Grier v. State*, 257 Ga. 539 (1) (361 SE2d 379) (1987). There was no requirement that the child " 'be able to define the meaning of an oath, [or] . . . understand the process under which the oath is administered.' " *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). See also *Westbrook v. State*, 186 Ga. App. 493 (1) (368 SE2d 131) (1988). The four-year-old victim in the present case expressed his understanding of the difference between the truth and a lie and of the importance of telling the truth. He also expressed a fear of punishment if he did not tell the truth, and stated that he would tell the truth. Although there may have been some inconsistency in the child's responses, "[a]ny apparently inconsistent testimony presented by the [child] did not render [him] incompetent to testify as a matter of law, but is a matter for consideration by the trial court in making its determination of competency and by the jury in determining the credibility of the witnesses. [Cits.]" *Thomas v. State*, 168 Ga. App. 587, 588 (3) (309 SE2d 881) (1983). We find no abuse of the trial court's discretion in its determination that the child was competent to testify. See generally *Burgess v. State*, 189 Ga. App. 790, 792 (3) (377 SE2d 543) (1989).

2. Several witnesses for the State testified as to statements allegedly made to them by the child. The admission of these hearsay statements is enumerated as error.

Appellant first urges that the hearsay statements were not admissible pursuant to OCGA § 24-3-16 because the child was himself incompetent to testify. At trial, however there was no objection to the admission of the hearsay statements based upon the child's incompetency. Appellant may not raise this ground for the first time on appeal. See *Thurman v. State*, 255 Ga. 286, 288 (1) (336 SE2d 746) (1985). In any event, we have already held in Division 1 that the trial court did not abuse its discretion in finding the child competent.

Appellant further urges that, contrary to OCGA § 24-3-16, the hearsay statements lacked sufficient indicia of reliability. The record shows, however, that as to each of the State witnesses who related statements made to them by the child, the trial court conducted a hearing outside the presence of the jury and determined that the circumstances provided sufficient indicia of reliability. We find no error in the trial court's determinations.

3. Appellant enumerates the general grounds.

As we have held, the child was competent to testify and the hearsay statements were admissible. Furthermore, the State's witnesses testified as to their own observations of the child's physical and emotional state and behavior. The evidence was sufficient to enable any rational trior of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant enumerates as error the denial of his special demurrer to the indictment. The contention is that the indictment neither alleged the dates of the offenses nor identified the place they were committed.

The indictment alleged that the offenses had occurred in Gwinnett County "between September 1, 1986, and May 21, 1987, the exact dates being unknown to the Grand Jurors. . . ." This was a sufficient allegation as to dates. " 'Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. [Cit.] An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. ([Cit.])' [Cits.] The defendant in this case . . . offered no alibi evidence, nor did he at any time request a continuance on the ground of surprise, nor did he otherwise express a need for additional time to rebut any evidence presented by the state. Consequently, it does not appear that the failure to allege the specific date of the offense in the indictment materially affected his ability to present a defense. . . ." *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371) (1982). The allegations of the indictment were also sufficient as to place. Unless the character of the place is an essential element of the offense, " ' "[a]n indictment which charges the crime to have been committed . . . in a particular county is sufficiently certain as to . . . place." [Cits.]' [Cits.]" *Flanders v. State*, 97 Ga. App. 779, 780 (1) (104 SE2d 538) (1958).

5. The ineffectiveness of trial counsel is raised for the first time in the context of this appeal, and, consequently, the trial court has never had the opportunity to pass on this issue. Pursuant to the mandate of our Supreme Court, this Court is without power or authority to engage in an interpretation of this enumeration of error or otherwise to address its merits. Because "appellate counsel was retained for the first time during the pendency of the appeal," we are constrained to "remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel." *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). As the Supreme Court has recently held, "[i]n *Smith*, we established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645 (fn. 1) (373 SE2d 1) (1988). See also *Lloyd v. State*, 257 Ga. 108 (355 SE2d 423) (1987).

*Judgment affirmed and case remanded with direction. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in Divisions 1 through 4 and in the judgment affirming the conviction. However, I respectfully dissent with respect to Division 5.

Appellant enumerates that he was denied due process because trial counsel was ineffective. The sole and entire ground for this enumeration is that because counsel "allowed the introduction of the tremendous amounts of inadmissible evidence," counsel was ineffective under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The argument in the brief is contained in a single sentence to this effect.

"The" evidence referred to is obviously evidence enumerated as inadmissible in the preceding portions of the brief. Appellant does not expand this latter enumeration to identify additional evidence, or to cover other evidence by omitting the word "the." It is clear that what he quantifies as "tremendous amounts" refers to the instances complained of in earlier enumeration. If this were not so, counsel on appeal would automatically be remiss in failing to enumerate these instances as error. The only reasonable reading of the basis upon which the claim of ineffective assistance of trial counsel is made is the failure to object to the evidence now challenged.

Since those evidentiary issues have been decided adversely to defendant in the opinion, see Division 2, there is no further consideration which must be undertaken by the trial judge related to the assistance of counsel. The failure to raise objections as noted in Division 2 would not be of such magnitude in this case to elevate counsel's representation to constitutional infirmity. Therefore, the claim of ineffective counsel fails and, even though this is originally raised here by counsel who first appeared after the filing of the notice of appeal, no useful purpose would be served by remand for hearing on the issue by the trial court. Compare *Green v. State*, 187 Ga. App. 373, 375 (5) (370 SE2d 348) (1988).

It does not appear that the Supreme Court was faced with a claim in this posture in *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), *Lloyd v. State*, 257 Ga. 108 (355 SE2d 423) (1987), or *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989). When *Lloyd* was appealed after remand, the Court noted that remand was a "practice," instituted to avoid later habeas corpus on the same issue. Thus it is not a rule of law and, under the facts in this case, remand is counter to the objective of the practice, which is to resolve the issue "promptly" and

thus reach finality at the earliest practicable moment. Considering the ground of ineffective assistance raised here, a habeas corpus petition asserting it would be frivolous.

Remand should be principled and necessary, not automatic, delaying, and wasteful of judicial and legal resources.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED JULY 11, 1989.

*Larry L. Duttweiler*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.