## A90A1450. FRENCH v. THE STATE.
(401 SE2d 67)

POPE, Judge.

Defendant Larry A. French was convicted and sentenced for driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1). He was also charged with and found guilty of violating OCGA § 40-6-391 (a) (4) but was not sentenced on that conviction. He appeals from the denial of his motion for new trial.

1. Defendant first challenges the sufficiency of the evidence. Construed so as to uphold the verdicts, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), the evidence adduced at trial showed the following: On March 5, 1988, the Gwinnett County DUI Task Force set up a roadblock on a two-lane portion of State Highway 141 to check for various traffic violations. Approximately a dozen officers were on the scene along with a "BAT-Mobile," a van containing a mobile Intoximeter 3000 machine.

A car driven by defendant approached the checkpoint and an officer asked to see defendant's driver's license and proof of insurance. While talking with defendant, the officer noticed a very strong odor of alcohol coming from defendant's breath. The officer asked defendant to submit to several field sobriety tests and defendant agreed. When asked to recite the alphabet, defendant appeared not to understand the request and then recited the alphabet very slowly. The officer asked him to submit to other tests to check balance and physical coordination. Prior to these tests, the officer asked defendant if he had any handicaps or physical disabilities which would impair performance of the tests and defendant responded in the negative. He was unable to perform the tests properly. In addition, his face was pale, his eyes were bloodshot and watery, and his speech was very slow. The officer administered an alco-sensor test which was positive for alcohol; the Intoximeter test showed a blood alcohol content of 0.13 percent.

Defendant admitted that he had consumed three 12-ounce bottles of beer.

The evidence, including the officer's fact-based opinion that defendant was not a safe driver, see *Fisher v. State*, 177 Ga. App. 465 (1) (339 SE2d 744) (1986), was sufficient to enable the trier of fact to find defendant guilty of driving under the influence in violation of OCGA § 40-6-391 (a) (1) and (a) (4) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Griner v. State*, 192 Ga. App. 283 (1) (384 SE2d 398) (1989).

2. Defendant contends the roadblock in this particular case was illegal and unconstitutional under the Fourth Amendment. However, defendant did not make this constitutional objection below and may

not now raise it for the first time on appeal. *Tenant v. State*, 151 Ga. App. 891, 894 (6) (262 SE2d 204) (1979).

3. Defendant argues that the State improperly placed his character in issue without his first having done so in violation of OCGA §§ 24-2-2 and 24-9-20 (b). The objected-to dialogue occurred during cross-examination when the State questioned defendant about how beer drinking affected him and about his ability to determine when he was intoxicated.

It is difficult to tell from the trial transcript whether or not this objection was adequately articulated below, as is required for appellate review. *Shy v. State*, 190 Ga. App. 370, 371 (2) (378 SE2d 920) (1989). Assuming it was preserved, it is without merit.

Just prior to such questioning, defendant had confirmed his direct testimony that at the time of the police stop he had consumed three bottles of beer. Therefore, the fact that defendant drank alcohol and drove was already in evidence. Moreover, much of the allegedly improper exchange was not testimony before the jury but rather colloquy among the court and counsel in a bench conference.

4. Defendant contends the trial court erred in charging the jury on both subsections (a) (1) and (a) (4) of OCGA § 40-6-391 "since it charged [him] twice for the same act."

Again, it is difficult to ascertain from the record before us whether defendant adequately preserved this issue by making the objection now urged on appeal. *Devoe v. State*, 249 Ga. 499 (292 SE2d 72) (1982). In any event, "OCGA § 40-6-391 establishes one crime, driving under the influence, and subsections (a) (1) and (a) (4) merely set out two different methods of proving that same crime. [Cit.]" *Kuptz v. State*, 179 Ga. App. 150, 151 (4) (345 SE2d 670) (1986). The State was not required to elect to prosecute under one subsection or the other. Id.

5. Defendant contends the court erred in its instruction to the jury about direct evidence when it charged, from Volume 2 of the Suggested Pattern Jury Instructions for Criminal Cases, that direct evidence also included exhibits admitted during the trial. The exhibit he targets is the card bearing the implied consent warning. This enumeration does not present a preserved issue, *Devoe*, supra; it is meritless anyway. OCGA § 24-1-1 (3).

6. Lastly, defendant contends that he was denied his right under the Federal Constitution to effective assistance of counsel in that retained trial counsel failed to adequately preserve for appellate review matters contained in his enumerations of error.

Defendant was sentenced on April 12, 1989. On that same day, trial counsel filed a motion for new trial based solely on the general grounds. Following a hearing, the trial court denied the motion on December 5. Trial counsel filed a notice of appeal on January 4. New

counsel was retained to pursue the appeal.

"The ineffectiveness of trial counsel is raised for the first time in the context of this appeal, and consequently, the trial court has never had the opportunity to pass on this issue. Pursuant to the mandate of our Supreme Court, this Court is without power or authority to engage in an interpretation of this enumeration of error or otherwise to address its merits. Because 'appellate counsel was retained for the first time during the pendency of the appeal,' we are constrained to 'remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel.' *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). As the Supreme Court has recently held, '(i)n *Smith*, we established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road.' *Lloyd v. State*, 258 Ga. 645 (fn. 1) (373 SE2d 1) (1988). See also *Lloyd v. State*, 257 Ga. 108 (355 SE2d 423) (1987)." *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989). See also *Meders v. State*, 260 Ga. 49, 50 (389 SE2d 320) (1990).

The dissent asks "Why remand . . . when the trial court's determination [could only be a finding of no ineffectiveness as a matter of law]." This court, however, cannot presuppose what the trial court's determination will be when this issue has never been presented to that court. "Our role, as an intermediate appellate court, is limited to correcting lower court errors of law. Ga. Const. 1983, Art. VI, Sec. V, Par. III; *Byrd* [*v. State*, 171 Ga. App. 344, 345 (3) (345 SE2d 117) (1984)]." *Whiteley v. State*, 188 Ga. App. 129, 131 (1) (372 SE2d 296) (1988). "This court is not a trial court and not a factfinder. The Court of Appeals is a court for the correction of errors below; it is not a court of original jurisdiction. [Cits.]" *Barnes v. State*, 157 Ga. App. 582, 589 (278 SE2d 916) (1981). Consequently, remand is not only the better course in this case, it is also the one mandated by law.

*Judgment affirmed and case remanded with direction. Carley, C. J., McMurray, P. J., Birdsong and Sognier, JJ., concur. Deen, P. J., Banke, P. J., Beasley and Cooper, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur fully in Divisions 1 through 5 but depart from the position taken in Division 6 and perceive no reason to remand for hearing and further ruling.

It is true that under circumstances where new appellate counsel has not had the opportunity to raise the issue of ineffectiveness of

counsel before the trial court, such as via an amended motion for new trial or an extraordinary motion for new trial, remand may be appropriate. *Meders v. State*, 260 Ga. 49, 55 (10) (389 SE2d 320) (1990). See *Weems v. State*, 196 Ga. App. 429 (395 SE2d 863) (1990); *Seabolt v. State*, 190 Ga. App. 244 (378 SE2d 416) (1989); *Hightower v. State*, 189 Ga. App. 553, 554 (3) (376 SE2d 717) (1988). Remand was directed even though new appellate counsel had opportunity for remedial action prior to the filing of the appeal.

Remand is not appropriate here because what appellant complains about neither requires a hearing nor constitutes ineffective assistance inasmuch as we have considered the merits of the issues appellant wished to have reviewed in every instance except Division 2. As to the substance of the roadblock issue raised there defendant has not demonstrated that the circumstances of the roadblock ran afoul of the Federal Constitution. See *State v. Golden*, 171 Ga. App. 27, 29 (2) (318 SE2d 693) (1984). See also *Michigan Dept. of State Police v. Sitz*, ___ U. S. ___ (110 SC 2481, 110 LE2d 412) (1990). Consequently, the facts as to all the alleged instances of ineffectiveness are not in dispute and the law is settled.

Under the two-prong test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show not only deficiency in counsel's performance but also that the deficiency prejudiced the defense, that is, that there was a reasonable possibility that the outcome of the proceedings would have been different, without counsel's deficiency. See *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988).

The nature of appellant's claim of ineffectiveness is that trial counsel failed to preserve for appellate review the aforementioned enumerated errors. While it is true that lack of objection in such instances results in waiver, review of the merits has shown them to be ill-based nevertheless. See Divisions 3, 4, and 5 of the majority opinion and the examination of the roadblock issue above. Therefore, trial counsel's not excepting to what we have examined and found to be meritless claims of error, could not have prejudiced appellant in that he has not been denied review of these issues and a proper preservation would not have gained a reversal of the conviction. Thus appellant could not show ineffectiveness of counsel under *Strickland*, as a matter of law. Why remand it when the trial court's determination could not be otherwise?

I am authorized to state that Presiding Judge Deen, Presiding Judge Banke, and Judge Cooper join in this opinion.

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — 

*William M. Warner*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.