## A91A0225. NORWOOD v. THE STATE.
### (405 SE2d 526)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of burglary. Judgment was entered on the verdict on June 4, 1990, and defendant was sentenced. On July 16, 1990, the Public Defender of Fulton County was appointed to represent defendant on appeal. However, the post-judgment time limit for filing a motion for new trial or an appeal had expired and the public defender filed a motion for out-of-time appeal. The trial court granted permission for an out-of-time appeal and, on July 19, 1990, an out-of-time appeal was filed on defendant's behalf. Defendant now contends, for the first time on appeal and in his only enumeration of error, that his trial counsel was ineffective.[1] *Held*:

"[I]t is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324, 325 (2), 326 (277 SE2d 317). However, in *Smith v. State*, 255 Ga. 654 (341 SE2d 5), the Supreme Court " ' "established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645 (fn. 1) (373 SE2d 1) (1988). See also *Lloyd v. State*, 257 Ga. 108 (355 SE2d 423) (1987).' *Hutton v. State*, 192 Ga. App. 239, 241 (5) (384 SE2d 446) (1989). It is not true, however, that every case which asserts for the first time on appeal an issue as to the effectiveness of counsel must be remanded to the trial court. Rather, our Supreme Court, through a series of cases,

---

[1] More specifically, defendant argues that his trial attorney did not object when the State impermissibly placed his character in issue; that his trial attorney failed to preserve objections to erroneous jury instructions; that his trial attorney failed to object when three State's witnesses testified to matters outside their knowledge; that his trial counsel "forced [him] to testify without assistance of counsel" and that his trial counsel "failed to object to the [State's attorney's] improper comment about [defendant's] ability to give a truthful answer."

has fashioned a procedure whereby the appellate court, in deciding whether it should remand the case, should look to whether the issue of ineffectiveness was raised 'at the earliest practicable moment.' *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987)." *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863).

In the case sub judice, appellate counsel did not raise the issue of ineffective assistance of trial counsel before filing an out-of-time appeal. Consequently, we must determine whether defendant's ineffective assistance claim was raised "at the earliest practicable moment" so as preserve the issue for appellate review.

In *Bell v. State*, 259 Ga. 272 (381 SE2d 514) (1989), the Supreme Court of Georgia "declined to address a claim of ineffective assistance of counsel because the defendant did not raise the issue in his original request for an out-of-time appeal or in the trial court after the request was granted." *Ponder v. State*, 260 Ga. 841, 842 (1) (400 SE2d 922). The Supreme Court recently clarified this decision, holding "that the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial[, and] that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. See *Bell*, supra." *Ponder v. State*, 260 Ga. 841 (1) supra.

In the case sub judice, it appears that defendant waived his ineffective assistance of counsel claim by failing to raise the issue in a motion for new trial after the trial court granted permission for the out-of-time appeal. However, since defendant filed his out-of-time notice of appeal over seven months before the Supreme Court of Georgia "addressed expressly the issue of whether a motion for new trial could be filed following the grant of a motion for out-of-time appeal, it would be manifestly unfair to deny [defendant] an opportunity to follow the procedure . . . set out [in *Ponder v. State*, 260 Ga. 841 (1), supra]." *Ponder v. State*, 260 Ga. 842 (2), supra. "We therefore . . . remand to give defendant an opportunity to litigate this issue." *Meders v. State*, 260 Ga. 49, 55 (10), 56 (389 SE2d 320). Defendant's right to appeal an adverse determination, if any, within 30 days of any such adverse determination is preserved.

*Case remanded with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 9, 1991.

*Mary E. Erickson, Donna L. Avans*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A.*

*Grace, Assistant District Attorneys*, for appellee.