A96A2025. SIMMS v. THE STATE.
(477 SE2d 628)

BIRDSONG, Presiding Judge.

Appellant David M. Simms appeals his conviction of DUI. He enumerates as error that the trial court allowed the arresting officer to testify about alco-sensor chemical test results in violation of OCGA § 40-6-392 (a) (1) (A) and evidence sufficiency.

Prior to trial appellant renewed a motion to exclude the results of an Intoxilizer 5000; he also generally raised the included issue of inadmissibility of alco-sensor test results, stating that his grounds were "foundational." Appellant stated he could raise this issue at the

hearing or "do it at trial." The trial court suggested it would be more appropriate to raise this issue at trial whereupon appellant's counsel immediately agreed to the suggestion.

At trial, a state trooper testified that he has been a certified peace officer and state trooper for 15 years and that his basic job is traffic enforcement. While on traffic patrol at approximately 2:45 a.m., on December 3, 1995, he observed a Toyota automobile make a turn without using turn signals; he commenced to follow the vehicle. He observed the vehicle weaving from the outside westbound lane into the inside lane and back; then it drifted over and the tires would touch the solid white, fog line on the right side of the road, and it crossed back again. When it initially weaved into the inside lane, a third or a half of the vehicle was in that lane. The vehicle made several weaving motions within a half-mile distance. The vehicle was stopped without incident. Appellant exited the vehicle and walked toward the trooper; appellant appeared to be "a little unsteady on his feet" and made a couple of sidesteps. Appellant produced his license and proof of insurance when requested. At this point, the trooper detected "a strong odor of alcoholic beverage on [appellant's] breath"; appellant "had glassy, bloodshot eyes and slowed, slurred speech." Appellant consented to take spot tests or field sobriety tests. He was asked to recite the alphabet but could not complete this test satisfactorily. After commencing to recite, his voice got so low the officer could not hear him; appellant first commenced to transpose words and then to transpose entire alphabet sections. He would reverse letters, then go back and insert a section of letters that did not belong; he never completed reciting the alphabet. Appellant was next asked to recite from 85 to 65 backwards; again his voice got low, he transposed numbers, he left some numbers out, and he exceeded the test parameters by counting below 65 and not stopping until told to do so. The trooper also testified without objection that appellant was asked to submit to an alco-sensor test and elected to do so; however, when the trooper testified that the alco-sensor reading was "18," appellant's counsel objected and made a mistrial motion. During this hearing, it was conceded by appellant that generally evidence which merely informs the jury whether an alco-sensor test was passed or failed is admissible. The trial court concluded the test score was inadmissible and elected to give the jury a curative instruction and deny the mistrial motion. Appellant's counsel inspected the proposed curative instructions and found them in proper order. The State announced its intent to have the officer testify that appellant both failed the test and tested positive for alcohol; the trial court agreed to this procedure and appellant posed no objection to that ruling. Thereafter, the jury was given the following curative instruction: "There was testimony from the officer of the specific results of the Alco-

sensor. . . . The specific results are not admissible in court; and they are not to be considered by you. And to the extent they are an indication of the specific results of the Intoximeter [sic], you are not to consider that at all. The only thing admissible is whether or not the results were positive or negative for the presence of alcohol." Appellant did not object to this instruction but did call the trial court's attention to its slip of the tongue in referring once to an "Intoximeter." Appellant did not pose any objection when the trooper testified that appellant had failed the alco-sensor test. Also, the trooper testified he had been trained to recognize manifestations of alcohol impairment; based upon his training, knowledge and experience, he had formed the opinion that appellant "was so impaired by alcohol that he was an unsafe driver."

By his trial tactics and conduct, appellant lulled the trial court into believing that appellant was electing not to raise any alco-sensor issue at the pretrial hearing, but would pose any objection thereto during the course of trial. During trial, appellant did initially request an out-of-court hearing regarding certain foundational issues concerning the admission of any alco-sensor test evidence. But appellant then stated he could wait until the evidence was introduced and object and the hearing could be held at that time. Later appellant specified that he also was prepared to object to evidence of any type of result from an alco-sensor in the absence of a proper foundation being laid pursuant to the requirements of OCGA § 40-6-392 (a) (1) (A). After additional colloquy among the parties, the trial court stated, "Why don't we see how the testimony goes; and if it becomes objectionable at some point, then make your objection." At this time, appellant expressly agreed to this procedure on the record. Thereafter, it was testified to without timely objection that appellant consented to and took an alco-sensor test. *Held*:

1. As a result of the tactics of appellant, the trial court never was called upon to make a ruling regarding whether the requirements of OCGA § 40-6-392 (a) (1) (A) must be met in order for a proper foundation to be laid for the admissibility of any type of alco-sensor testing evidence. It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. *Norwood v. State*, 199 Ga. App. 536 (405 SE2d 526), citing *Jefferson v. State*, 157 Ga. App. 324, 325 (2), 326 (277 SE2d 317). Moreover, appellant by his own trial tactics and procedures failed to present the issue in proper form for a definitive ruling by the trial court and, additionally, lulled the trial court into issuing no ruling on this issue. A party cannot reap the benefit of any error caused or aided by his own trial tactics, procedure or conduct. *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

Additionally, in *Turrentine v. State*, 176 Ga. App. 145, 146 (1) (335 SE2d 630), it was held that "the admissibility of an alco-sensor test result is not governed by OCGA § 40-6-392." Alco-sensor tests are not used as evidence of the amount of alcohol or drug in a person's blood. Id. The foundation required by this statute is not applicable to the admission of evidence that an appellant submitted to an alco-sensor test and either passed or failed the test. Id. OCGA § 40-6-392 "is inapplicable to an initial alcohol screening test, such as the alco-sensor test." *Keenan v. State*, 263 Ga. 569, 571 (2) (436 SE2d 475).

For each of the above reasons, we find that appellant's first enumeration of error, as crafted, does not warrant reversal of his conviction.

While it was error to have the trooper testify as to the test score obtained by appellant on the alco-sensor test, this error was rendered harmless by the timely giving of a curative instruction. See *Isaacs v. State*, 259 Ga. 717, 737 (38) (386 SE2d 316). Further, appellant expressly stated on the record that the curative instruction was in proper order and made no request that the test score testimony be formally stricken from the record. We further find, based on the totality of the record and particularly in light of the curative instruction given, that it was highly probable that the admission of the numerical result of the alco-sensor test did not contribute to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

2. Admissibility of evidence is a matter resting largely within the sound discretion of the trial court. *Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428). The testimony that appellant failed the alco-sensor test was admissible. *Turrentine*, supra. Also admissible was the testimony regarding the trooper's observations, through his senses of sight, hearing and smell, of the conduct and sobriety test performance of appellant prior to his arrest. Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395). Moreover, a trooper can render an admissible opinion, based on his law enforcement experience, as to the state of a suspect's sobriety and that the suspect was under the influence of alcohol to the extent that it made him less safe to drive a motor vehicle. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737) and progeny.

"On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." Id. at 464. Review of the transcript reveals ample evidence

from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED OCTOBER 24, 1996.

*Samuel F. Greneker*, for appellant.
*Richard W. Shelton, Solicitor*, for appellee.