A89A0348. GREEN v. THE STATE.
(383 SE2d 134)

CARLEY, Chief Judge.

In *Green v. State*, 187 Ga. App. 373 (370 SE2d 348) (1988), appellant's conviction for trafficking in cocaine was affirmed and the case was remanded to the trial court for a hearing with regard to allegations of the ineffectiveness of appellant's trial counsel. The trial court conducted the hearing and ruled that a new trial on the ground of ineffective assistance of counsel was not warranted. Appellant appeals.

Appellant urges that the trial court erred in finding that his trial counsel had afforded him effective assistance. " 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' . . . [T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services

were rendered." *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974).

Under *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), a portion of the trial court's charge was erroneous. The failure to object to this erroneous charge is cited as an instance of the ineffectiveness of appellant's trial counsel. At the time of appellant's trial, however, *Lockwood* had not yet been decided. The Sixth Amendment affords appellant the right to representation by trial counsel who is reasonably effective, not representation by trial counsel who is prescient. The failure to object in several instances to allegedly improper argument by counsel for the State is also relied upon. It would appear, however, that the State's argument was, in each instance, entirely proper. Moreover, even assuming that one or more of the cited instances would constitute improper argument, the failure of appellant's trial counsel to object would not warrant the grant of a new trial. "[W]e do not . . . evaluate the effectiveness of counsel upon isolated trial errors. The *Pitts v. Glass* standard ([cit.]) requires us to look at the totality of the representation provided by counsel. [Cit.] In doing so, we have no difficulty in finding that [appellant] had the benefit of a competent, well-prepared and aggressive advocate for his defense and that [his] claim to the contrary is wholly without merit." *Dansby v. State*, 165 Ga. App. 41, 43 (2) (c) (299 SE2d 579) (1983).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Sognier and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Under either the State Constitution or the Federal Constitution, appellant's trial counsel was ineffective as a matter of law so that he must be granted a new trial. The reason is *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988).

The Supreme Court of Georgia, in that four-to-three decision, ruled on February 5, 1988 that instructing the jury that it could convict if it found that defendant had "actual or constructive possession" of cocaine was reversible error, even though the indictment properly charged only actual possession. Apparently, trial counsel in that case had objected to the charge, since the Supreme Court decided the question on its merits, although the opinion does not reflect whether that timely objection was made.

Green's trial counsel, on the other hand, did not object to the charge, so this court refused to consider its merits due to the procedural deficiency. *Green v. State*, 187 Ga. App. 373, 375 (3) (370 SE2d 348) (1988). Had he done so, this court would have been compelled to award a new trial because of *Lockwood*.

Green was charged with, on November 25, 1986, knowingly being

in actual possession of more than 400 grams of a mixture with an over 10 percent purity of cocaine. At that date, the statute in effect modified the word "possession" by the adjective "actual." OCGA § 16-13-31 (a) (1) (A). Although the court in its instructions to the jury read the indictment and the statute, both of which contain only the words "actual possession," the court described the distinction between actual and constructive possession and instructed: "The jury would be authorized to convict only if they should find beyond a reasonable doubt that the defendant knowingly had actual or constructive possession either alone or jointly with others." That was fatal, unless reading the indictment and the statute made it sufficiently clear that the conclusion of guilt required a finding of actual possession. *Lockwood* does not seem to provide for such an allowance, even when the verdict is that defendant is guilty as charged.

Trial counsel's ineffectiveness is not in failing to foresee the *Lockwood* decision but rather in failing to object to a charge which broadened the criminal statute to cover activity not prohibited by the legislature. Lockwood's counsel noticed it but Green's counsel missed it. The fact that the General Assembly quickly rectified the statute's narrowness by omitting the word "actual," effective less than two months after *Lockwood* (Ga. L. 1988, p. 420, § 2), does not right the wrong.

Present counsel is remiss in not citing any authority for the ineffective assistance claim and did not do so in the motion for new trial filed in the trial court. Whether she relied on anything specific at the hearing we cannot discern as there is no transcript with the record. The trial court's order does not indicate what authority, if any, was cited. Thus, whether appellant relies on the State Constitution or the Federal Constitution or any statute or case law we do not know.

The majority chooses to measure effectiveness against the state-understood standard enunciated in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974), before *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) set the currently applicable Federal Constitutional standard. See, for history, *Manus v. State*, 180 Ga. App. 658 (350 SE2d 41) (1986), special concurrence at 660.

The State Constitution provides for benefit of counsel for accused persons in the Bill of Rights. Ga. Const. 1983, Art. I, Sec. I, Par. XIV. At the present time, this is construed similarly to the United States Supreme Court's construction of the Sixth Amendment. See *Brinson v. State*, 191 Ga. App. 151 (5) (381 SE2d 292) (1989). Applying these standards to Green's case compels the conclusion that trial counsel was constitutionally ineffective under either constitution, having failed to object to the instruction which was erroneous because contrary to state statute detailing the elements of the crime with which he was charged. Failure to object rendered the error unre-

viewed on direct appeal because the principle of waiver was applied, and defendant was deprived of a new trial.

That is what he complains of now, although his counsel fails to brief the complaint fully and properly, see Rule 15 (c) (2), and the trial court erred in denying the motion for new trial on this ground.

DECIDED MAY 9, 1989 —
REHEARING DENIED JUNE 6, 1989 —

*Janet G. Scott*, for appellant.
*Robert E. Keller, District Attorney, Albert Collier, Assistant District Attorney*, for appellee.