A90A1638. BAILEY v. THE STATE.
(402 SE2d 363)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of burglary and rape. *Held*:

1. The prosecutor asked a police officer witness if any fingerprints were taken. The officer responded that he did not recall. The prosecutor then asked: "Is it common to lift prints when a defendant is found

on the scene like that?" Defendant's counsel then interposed: "I object to that line of questioning." The trial court overruled defendant's objection and the witness was permitted to answer.

Defendant contends the trial court erred in allowing the testimony of the witness in response to the quoted question. While defendant's sole argument on appeal is that no foundation was laid explaining why the witness would be able to answer the question, such is unrelated to the grounds for objection stated by defense counsel at trial. Since we are limited to those grounds urged to the trial court and defendant's objection at trial was entirely different, we cannot consider defendant's argument raised for the first time on appeal. *Ridley v. State*, 141 Ga. App. 854 (1) (234 SE2d 688).

2. Defendant enumerates as error the trial court's refusal to give in charge to the jury a requested instruction that where one is so impaired by alcohol, or other drugs, as to render him incapable of forming an intent to do the act charged, he is not criminally responsible. The requested charge was not a correct statement of the law. Only involuntary intoxication sufficient to remove the mental capacity to distinguish between right and wrong in relation to the act may excuse a criminal act. Voluntary intoxication is not an excuse for any criminal act. OCGA § 16-3-4. Defendant's requested charge failed to address this distinction and "is misleading to the extent that it implies that voluntary intoxication in and of itself may be a defense to a crime, and the trial court did not err in refusing the requested charge." *Gilreath v. State*, 247 Ga. 814, 831 (13) (279 SE2d 650). See also *Tutton v. State*, 179 Ga. App. 462, 463 (4), 464 (346 SE2d 898).

Defendant also contends that the trial court should have given a charge concerning a defense of excessive use of alcohol since this was defendant's only defense. See in this regard *Jackson v. State*, 154 Ga. App. 867, 868 (2), 869 (270 SE2d 76). This contention lacks a factual predicate in the record. Not only does the transcript lack any evidence of involuntary intoxication such as would excuse defendant's criminal acts, additionally, defendant's testimony presented other defenses. This enumeration of error is without merit.

3. Defendant contends the trial court erred in its instructions as to the form of the verdict in that it did not instruct the jury as to every possible permutation. In other words, even though the trial court instructed separately as to the elements of each offense and that a verdict of guilty or not guilty could be returned as to each charge, defendant complains that the jury was not informed that it could find him guilty of burglary but not guilty of rape. In our view, the trial court's separate instructions as to the form of the verdict for each offense sufficiently apprised the jury that their determinations as to each offense were to be made independent of the other offense. "It is not necessary in considering the charge to assume a possible adverse

construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required." *Clark v. State*, 153 Ga. App. 829, 831 (266 SE2d 577). This enumeration is without merit.

4. Finally, defendant enumerates as error his sentencing as a recidivist. During the sentencing phase of the trial the State introduced into evidence two prior felony convictions of defendant. While defendant concedes that the record shows that he was represented by counsel in both of the prior cases, defendant now raises for the first time issues concerning whether his pleas in the prior cases were voluntary and whether the State has satisfied its burden in this regard. "[O]nce the defendant raises the issue of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver." *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831). However, where as in the case sub judice this issue is not raised before the trial court, it may not be raised for the first time on appeal. *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 20, 1991.

*Charles C. Grile,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney,* for appellee.