A91A2064. ADAMS v. THE STATE.
(418 SE2d 68)

POPE, Judge.

In 1983, defendant/appellant Larry C. Adams was convicted of the offenses of voluntary manslaughter, aggravated assault upon a peace officer, robbery by force, and possession of a firearm by a convicted felon. This is the second appearance of this case before this court. In its first appearance, *Adams v. State,* 199 Ga. App. 541 (405 SE2d 537) (1991), we vacated the judgment of the trial court and remanded the case for the trial court to reconsider defendant's motions for new trial and to remold his sentence. On remand, the trial court conducted a hearing on these motions and again denied the motions. Defendant appeals from that ruling.

1. Defendant first argues that the trial court erred in denying his motion for new trial because the evidence does not support the verdict of voluntary manslaughter. The jury was authorized to find that on August 1, 1982, Richmond County Deputy Sheriff John L. Francisco, Jr. responded to a call that there was a fight at a motel. When the deputy arrived at the motel, he observed the defendant strike a female. When the deputy informed defendant he was being placed under arrest, defendant violently resisted arrest. Captain John L. Francisco, Sr., the deputy's father, responded to the deputy's call for assistance. While they tried to place defendant under arrest, defendant seized the deputy's revolver and shot Captain Francisco and then shot Deputy Francisco. Captain Francisco was hospitalized and underwent surgery for his injuries. On August 11, 1982, while recuper-

ating from his injuries, he suffered a stroke and died five days later. Deputy Francisco recovered from his injuries.

Defendant contends there was insufficient evidence to connect Francisco's stroke and resulting death to his gunshot injury. We do not agree. While there was conflicting evidence on this question, the State presented the testimony of two doctors who testified that the gunshot and resulting surgery were contributing causes of the stroke which ultimately caused Francisco's death. "In *Wilson v. State*, 190 Ga. 824, 829 (10 SE2d 861) (1940), we set out the following test for determining causation in homicide cases: 'Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause.' Under this test, there existed ample evidence to authorize the jury to convict [defendant of voluntary manslaughter]." *James v. State*, 250 Ga. 655, 656 (300 SE2d 492) (1983).

2. Defendant next argues that he is entitled to a new trial because at trial he was denied effective assistance of counsel. " 'To prove he has received ineffective assistance of counsel, "(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." [Cits.]' " *Spivey v. State*, 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989).

In support of this claim, defendant cites his trial counsel's failure to object to the State's alleged use of its peremptory strikes in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). This case, however, was tried more than two years before the *Batson* decision was issued. The controlling law on this issue at the time defendant was tried was *Swain v. Alabama*, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965) overruled by *Batson v. Kentucky*, supra. In order to show a *Swain* violation, a defendant had to show that a particular group had been systematically and purposefully excluded from jury service over a period of time. Because one black juror had been seated in this case before the prosecution exhausted his strikes, no *Swain* violation could have been proven in this case.

As the Eleventh Circuit Court of Appeals recognized in *Poole v. United States*, 832 F2d 561, 565 (11th Cir. 1987), cert. denied, 488 U. S. 817 (109 SC 54, 102 LE2d 33) (1988), "[t]he problem with faulting the [defense counsel] for failing to raise a *Batson* objection at trial is that *Batson* had not been decided yet. The Supreme Court has held that '*Batson v. Kentucky* is an explicit and substantial break with prior precedent,' *Allen v. Hardy*, [478] U. S. [255], 106 S. Ct. 2878,

[2881] 92 LE2d 199 (1986). . . . Thus [defendant] cannot raise this claim in his collateral attack, and, in any event, the [defense counsel's] performance was in no way ineffective by failing to raise a *Batson* objection." As we held in *Green v. State*, 191 Ga. App. 807, 808 (383 SE2d 134) (1989), "[t]he Sixth Amendment affords [defendant] the right to representation by trial counsel who is reasonable effective, not representation by trial counsel who is prescient." Defendant's argument in this regard must fail.

Defendant also argues that trial counsel's failure to pursue his original motion for new trial constitutes ineffective assistance of counsel. Unless the delay of a motion for new trial prejudices defendant's presentation of appeal, he has suffered no due process violation. *Brown v. State*, 257 Ga. 277 (2) (e) (357 SE2d 590) (1987); *Proffitt v. State*, 181 Ga. App. 564 (3) (353 SE2d 61) (1987). Defendant's motion for new trial was finally heard, and after remand from this court, defendant was given a second opportunity to present his arguments on motion for new trial; defendant's present appeal is from denial of that motion. Defendant's argument that this delay gives rise to an ineffective assistance of counsel claim must fail.

3. Defendant also argues that the trial court erred by failing to intercede and sua sponte raise the *Batson* issue. For the same reasons defendant's ineffective assistance of counsel claim must fail due to his counsel's failure to raise a *Batson* objection, this contention is also without merit. Defendant fails to cite any cases imposing a duty on the part of the trial court to raise such an issue at trial, and we are aware of no such duty. Whether to make such a challenge to the jury selection process is a trial strategy decision that should properly be made within the parameters of the attorney-client relationship. Furthermore, the trial court allowed defense counsel to perfect the record concerning how the State had chosen to use its peremptory strikes.

4. Defendant also seemingly argues that the *Batson* opinion must be applied retroactively in this case and defendant is entitled to a new trial because the jury selection process in his first trial violated *Batson*. Although the United States Supreme Court held in *Allen v. Hardy*, supra at 259-260 that *Batson* should not be applied retroactively in collateral challenges to a defendant's appeal, in *Griffith v. Kentucky*, 479 U. S. 314 (107 SC 708, 93 LE2d 649) (1987) the Supreme Court held that *Batson* should be applied retroactively to direct appeals.

A *Batson* challenge, however, has never been raised in this case. Trial counsel for defendant perfected the record on how the State used its peremptory challenges during jury selection but insisted that he was not making a motion or objection to challenge the jury selection in this case. Defendant also failed to raise a *Batson* challenge in his motion for new trial, even though that motion was amended in

1991, well after the Supreme Court's decisions in *Batson* and *Griffith* were issued. This court is a court for the correction of errors and we are limited to those grounds urged to the trial court; therefore, we cannot consider defendant's contention raised for the first time on appeal. *Bailey v. State,* 198 Ga. App. 632 (1) (402 SE2d 363) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 10, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 — ▮▮▮▮▮

O. L. Collins, for appellant.

Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, for appellee.