A97A2040. IN THE INTEREST OF B. L. M., a child.
(492 SE2d 700)

BLACKBURN, Judge.

B. L. M. was adjudicated delinquent for committing acts which, if she were an adult, would constitute the offense of reckless abandonment of a child, in connection with the death of her infant daughter. On appeal, she contests the sufficiency of the evidence and also contends the trial court erred in allowing evidence of her statement to police.

In the early morning hours of December 10, 1994, B. L. M., who was then 15 years of age, gave birth to a baby girl at her home. B. L. M. claimed that she was not aware she was pregnant until she gave birth, and that the baby did not show signs of life. B. L. M. then wrapped the baby in a towel, took the baby to the kitchen, and placed it in a trash bag. She tied up the bag containing the baby and placed it with the garbage on the porch. She then went to sleep an hour or two later.

B. L. M.'s mother returned from work about 7:00 a.m. and heard a whimpering sound coming from the garbage bag. She searched the garbage bag and discovered the baby wrapped in a towel. She testified that there were paper towels, scraps of food, and other household trash on top of the baby in the garbage bag. She had her husband call the paramedics. B. L. M. told her mother the child was not hers. The baby was taken to the hospital, where she died on the night of December 14.

1. Under OCGA § 16-5-72 (a), a parent commits the offense of reckless abandonment of a child under the age of one year when the parent "willfully and voluntarily physically abandons such child with the intention of severing all parental or custodial duties and responsibilities to such child and leaving such child in a condition which results in the death of said child." B. L. M. contends that there was no evidence that her actions resulted in the death of the child, since the medical testimony showed the child would likely have died in any event. "In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile[ ] committed the acts charged. *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991); see generally *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)." *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (2) (483 SE2d 361) (1997).

Dr. Gerald Gowitt, the pathologist who participated in the autopsy on the child, testified that the child had numerous health problems. He testified that the child was born approximately eight to

ten weeks prematurely, that there was an infection in the mother's womb, and that there was a blockage in the child's lungs that prohibited it from exchanging gases properly. Based upon this lung problem alone, he said that the child probably had a one in one hundred chance of surviving. However, he consistently testified that the cause of death was a combination of the child's prematurity and its exposure to the elements, and that he could not separate those two factors. He testified that it is important to begin treatment on premature infants as soon as possible, and that the quicker treatment is begun, the more likely it is that the child will survive. Dr. Cecil Sharp, who treated the child upon admission to the hospital, also testified that he could not separate the exposure from the child's other problems as a cause of death.

There are no cases construing OCGA § 16-5-72's requirement that the defendant leave the child in a condition "which results in the death of said child." However, in homicide cases, it has been held that "[w]here one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause." (Punctuation omitted.) *Adams v. State*, 203 Ga. App. 794, 795 (1) (418 SE2d 68) (1992). Although the child's exposure was not the sole proximate cause of death, the trial court was authorized to find that it materially contributed to or accelerated the cause of death. Accordingly, the court was authorized to find that the mother's actions legally resulted in the child's death as required by OCGA § 16-5-72.

2. B. L. M. contends that the trial court erred in admitting her statement to a police investigator regarding her actions, arguing that such statement was not voluntary. However, even assuming that it was error to admit such statement, B. L. M. herself offered substantially the same testimony at trial. On direct examination by her attorney, she admitted giving birth to the baby, tying it up in the trash bag, and placing it on the porch. Since B. L. M. offered substantially the same testimony at trial, it is highly probable that any error in admitting her statement to the investigator did not contribute to the juvenile court's adjudication. See *Larry v. State*, 266 Ga. 284, 286 (2) (a) (466 SE2d 850) (1996) ("any error in admitting the statement would have to be deemed harmless because the statement was echoed by [defendant's] testimony at trial"); *Callaway v. State*, 257 Ga. 12, 14 (2) (354 SE2d 118) (1987).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 1, 1997.

*Samuel W. Cruse*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.