## A97A2342. BRAY v. THE STATE.
(492 SE2d 911)

BLACKBURN, Judge.

Recardo Bray appeals his conviction of aggravated assault in connection with the shooting of Brent Ooten, contending that the court erred in denying his motion to exclude certain testimony and in granting the State's motion to exclude other testimony.

1. Bray contends that the court erred in denying his motion to exclude testimony regarding his statements after the shooting, arguing that the evidence was irrelevant and prejudicial and subjected him to unfair surprise and ambush.

The record shows that, prior to the start of trial, the prosecutor

stated that he intended to introduce certain statements made by the defendant after the crime, including a statement that he "popped" the victim. Bray's attorney objected on the ground that the testimony would be irrelevant and prejudicial. He did not object on the grounds of unfair surprise and ambush and thus cannot raise these grounds for the first time on appeal. See *Bailey v. State*, 198 Ga. App. 632, 633 (1) (402 SE2d 363) (1991).

With respect to Bray's other asserted grounds, "[a]n objection to evidence on the ground that it is irrelevant . . . and prejudicial is entirely too vague and general to present any questions for determination by the trial court, and the overruling of this objection does not constitute reversible error." (Punctuation omitted.) *Hall v. State*, 219 Ga. App. 871, 873 (2) (a) (467 SE2d 206) (1996). Moreover, Bray did not object at the time the testimony in question was actually introduced at trial. Accordingly, he has waived any right to object to such evidence on appeal. See *Phillips v. State*, 215 Ga. App. 526, 527 (4) (451 SE2d 517) (1994).

2. Bray contends the trial court erred in granting the State's motion to exclude testimony regarding prior acts of violence by the victim.

Uniform Superior Court Rule 31.6 allows a defendant to present evidence of specific acts of violence by a victim, provided that the defendant complies with the provisions of USCR 31. The defendant must serve the State with written notice "stat[ing] the act of violence, date, county and the name, address and telephone number of the person for each specific act of violence sought to be introduced." USCR 31.6 (B). The rule further provides that "[t]he judge shall hold a hearing at such time as may be appropriate and may receive evidence on any issue of fact necessary to determine the request, out of the presence of the jury. The burden of proving that the evidence of specific acts of violence by the victim should be admitted shall be upon the defendant. The defendant may present during the trial evidence of only those specific acts of violence by the victim specifically approved by the judge." Id.

Prior to trial, Bray served the State with a notice of his intent to present evidence of prior acts of violence pursuant to USCR 31.6 (B). Bray admits that the hearing on this issue was not reported, and there is no transcript of this hearing in the record. Nor has Bray sought to create a record of the hearing as allowed by OCGA § 5-6-41. Moreover, Bray's attorney admitted on the record that the notice provided to the State named the wrong victim and was thus improper. Under these circumstances, we cannot say that the court erred in excluding Bray's evidence. See *Uren v. State*, 174 Ga. App. 804, 805 (1) (331 SE2d 642) (1985) (appeal with enumeration of error dependent upon consideration of evidence heard by trial court will, absent

a transcript, result in affirmance).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 23, 1997.

*King, King & Jones, David H. Jones, James S. Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Gina Marshall, Assistant District Attorney*, for appellee.