## A98A0681. WOODS v. THE STATE.
(501 SE2d 832)

McMURRAY, Presiding Judge.

Defendant Woods and co-defendant Eva Wilson were jointly indicted for selling cocaine in violation of Georgia's Controlled Substances Act (Count 1), possessing and distributing cocaine within 1,000 feet of a housing project in violation of OCGA § 16-13-32.5 (b) (Count 2), and possessing and distributing cocaine within 1,000 feet of a school in violation of OCGA § 16-13-32.4 (Count 3). Defendant was tried before a jury and convicted of selling cocaine (Count 1) and possessing and distributing cocaine within 1,000 feet of a housing project (Count 2).

At trial, Officer Timothy Conrad of the Wayne County Narcotics Unit testified that, while working undercover on the evening of June 23, 1995, he drove to an intersection where several people were loitering; that co-defendant Wilson approached his truck; that he asked co-defendant Wilson for a specific amount of cocaine; that co-defendant Wilson walked over to a man, about six feet tall and wearing distinctive clothing; that this man gave co-defendant Wilson something, and that co-defendant Wilson immediately returned to the officer's truck and gave him cocaine. Sergeant Kenny Poppell of the Wayne County Drug Interdiction Unit testified that he assisted Officer Conrad's undercover drug buy on the evening of June 23, 1995; that he returned to the crime scene about 45 minutes after the illegal drug transaction; that he observed co-defendant Wilson and defendant standing in the area where Officer Conrad had purchased cocaine, and that he noticed that defendant's physical description and clothing identically matched the description of the man who assisted co-defendant Wilson sell cocaine to Officer Conrad.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends that evidence of his presence at the crime scene is insufficient to authorize his conviction for selling cocaine.

"One who intentionally aids or abets in the commission of a crime is a party to it. OCGA § 16-2-20 (b) (3). It is true mere presence

at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party. See *Slaton v. State*, 224 Ga. App. 422, 425 (3) (d) (480 SE2d 872) (1997). However, 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' (Citation and punctuation omitted.) *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993). See also OCGA § 16-2-6: 'A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' " *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370). The evidence adduced at trial, in the case sub judice, indicating that defendant handed co-defendant Wilson an object immediately after Officer Conrad placed an order with co-defendant Wilson for cocaine and that co-defendant Wilson returned to the undercover officer's truck with cocaine immediately after defendant gave co-defendant Wilson this object authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the crime of selling cocaine in violation of Georgia's Controlled Substances Act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The State concedes that the evidence adduced at trial was insufficient to authorize defendant's conviction for possessing and distributing cocaine within 1,000 feet of a housing project in violation of OCGA § 16-13-32.5 (b) (Count 2). Accordingly, this part of the judgment of defendant's conviction and sentence is reversed.

*Judgment affirmed in part and reversed in part. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 17, 1998 —
RECONSIDERATION DENIED APRIL 29, 1998.

*Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.