### A02A0995. HEAD v. THE STATE.
(562 SE2d 815)

ELDRIDGE, Judge.

A Gwinnett County jury found Carlos Quinchell Head guilty of aggravated assault and possession of a firearm during the commission of a felony, which charges arose when Head shot a man in the parking lot of Poor Richard's Pub in Norcross. He appeals, claiming that two errors in the playing of his videotaped statement to the police require reversal; that the prosecutor improperly commented on Head's right to remain silent; and that the evidence was insufficient to support his conviction. Finding each of these alleged errors meritless, we affirm.

---

1. Head moved in limine to redact that portion of his videotaped statement to the police wherein Head told the interviewing officer that he had a suspended driver's license. The trial court granted the motion in limine and ordered the State to mute the videotape's sound when Head made reference to his suspended license. Head claims error in this ruling, asserting that the muting technique "created an inference in the minds of the jurors that something negative about the Defendant was being hidden from them."

Head's motion, made just before trial, gave the State no opportunity to edit the tape. And to the extent that the irrelevant matter of a suspended driver's license should even provide a basis for a motion in limine in this aggravated assault case, not permitting the jury to hear such information was sufficient under the circumstances. This is especially true in light of the fact that no motion for mistrial was made with regard to this issue, nor was a curative instruction requested regarding a possible "negative inference," the existence of which would be pure speculation in any event. This claim of error is meritless.[1]

2. Head contends "the court erred when it denied Defendant's Motion to Redact the portion of the tape where [the interviewing officer] told Defendant that witnesses had told him he (Defendant) had a gun." Head claims that such comment was hearsay and, as such, impermissibly bolstered the credibility of the victim. We disagree.

Our review of the record shows that the comment about which Head complains was not a statement of fact, but was a question, i.e., "if witnesses stated that you had a gun, they would be lying?" The content of the question at issue was not offered for the truth of the matter asserted therein, but was asked in order to elicit either a yes or no response from Head. Further, prior to the playing of the video-tape, the victim testified that Head had a gun and shot him in the leg. Accordingly, the officer's question, even if viewed as a statement, had a factual basis and was cumulative of legally admissible evidence. "The erroneous admission of hearsay is harmless where legally admissible evidence of the same fact is introduced."[2] Further, the investigator's question was not "impermissibly bolstering." Such question did not reflect the officer's opinion about the truthfulness of

---

[1] Under this same claim of error, Head also complains about portions of the videotape where, at the end of the interview, the officer told Head that he thought Head was lying and where, immediately thereafter, Head told the officer he no longer wished to talk with him and the interview was concluded. However, these portions of the videotape were not muted. They were redacted altogether when the prosecutor stopped playing the tape to the jury prior to reaching such portions.

[2] (Citation and punctuation omitted.) *White v. State*, 273 Ga. 787, 791 (4) (546 SE2d 514) (2001).

the victim so as to either bolster or impeach the victim's trial testimony.[3] Accordingly, this claim of error is without merit.

3. Head next complains that the prosecutor, during closing argument, improperly commented on his right to remain silent by stating, "The defendant, he's still hiding. He's still hiding today in open court. He's hoping you don't notice him. You'll see the pictures. You see he shaved off his afro. He shaved off his goatee. He's still hiding in the bushes."[4]

Head did not raise objection to the prosecutor's argument, which waives the right to complain on appeal.[5] Further, the prosecutor's argument went to Head's change of appearance as "hiding" his identity, not to his failure to testify.

4. Finally, Head challenges the sufficiency of the evidence against him because "conflicts within the testimony of the victim, coupled with the lack of evidence tying Defendant to the gun or simply having a motive, create ample reasonable doubt in this case." However, "[t]he jury determines credibility and resolves conflicts in the evidence; this Court does not reweigh the evidence but only determines its legal sufficiency."[6] Thus, any alleged conflicts in the testimony of the victim and/or a determination as to motive were all resolved by the jury in determining Head's guilt. Our sufficiency of the evidence review shows that the testimony of the victim, alone, factually established the essential elements of the offenses of aggravated assault and possession of a firearm during the commission of a crime, as well as established that Head was the perpetrator of such offenses.[7] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[8] Accordingly, a rational trier of fact could have found Head guilty beyond a reasonable doubt of the offenses as charged.[9]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2002.

---

[3] See, e.g., *Boddie v. State*, 269 Ga. 5, 6 (3) (494 SE2d 651) (1998).

[4] Head was found by the police hiding in some shrubbery near the incident locale.

[5] *Bellamy v. State*, 272 Ga. 157, 162 (11) (527 SE2d 867) (2000); *Sutton v. State*, 245 Ga. App. 881, 883 (3) (539 SE2d 227) (2000).

[6] (Citation omitted.) *Banks v. State*, 250 Ga. App. 728, 731 (4) (552 SE2d 903) (2001).

[7] OCGA § 24-4-8. ("The testimony of a single witness is generally sufficient to establish a fact.").

[8] (Footnote omitted.) *Copeland v. State*, 248 Ga. App. 346, 350 (4) (546 SE2d 351) (2001).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Scott A. Drake*, for appellant.
*Daniel J. Porter, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.