A02A2090. DODSON v. THE STATE.
(571 SE2d 403)

BLACKBURN, Chief Judge.

Following a jury trial, Melvin Dodson appeals his conviction for criminal attempt of arson in the first degree, contending that: (1) the evidence was insufficient to support the verdict and (2) the trial court erred by denying his written request to charge the jury on criminal trespass as a lesser included offense. For the reasons set forth below, we affirm.

1. Dodson erroneously contends that the evidence was insufficient to support the verdict.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Phagan v. State.*[2]

Viewed in this light, the record shows that, on May 1, 2000, Dodson began fighting about money with his girlfriend, Carrie Jackson. During this fight, Dodson, by his own admission, told Jackson that he was going to burn down the duplex in which they lived, and he poured gasoline on the front porch of the duplex and a rug near the front door. Jackson then called police, who arrived at the scene and arrested Dodson.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

This evidence was more than sufficient to support Dodson's conviction. See, e.g., *Morrow v. State*.[3]

2. Dodson contends that the trial court erred by denying his written request to charge the jury on criminal trespass as a lesser included offense of attempted arson in the first degree as a matter of fact. Specifically, Dodson argues that his act of pouring gasoline on a rug on Jackson's porch constituted a criminal trespass which would be a lesser included offense of the attempted arson.

OCGA § 16-1-6 provides:

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

It is undisputed that criminal trespass is not a lesser included offense of attempted arson in the first degree as a matter of law. Dodson nonetheless contends that it is a lesser included offense as a matter of fact.

> [T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*.[4]

In this case, Dodson's indictment states that he

> did attempt to commit the crime of Arson in the First Degree, in violation of OCGA § 16-7-60 in that [he] did knowingly and intentionally perform an act which constituted a substantial step toward the commission of said crime, to wit: did pour gasoline on the front porch of the

---

[3] *Morrow v. State*, 230 Ga. App. 137 (495 SE2d 609) (1998).
[4] *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

house located at 1228 Drewery Avenue . . . and threatened to burn said house.

Neither the indictment nor OCGA § 16-7-60 applies to the damage of personal property like a rug. To the contrary, as is relevant to this case, both refer to damage to a structure or building. Therefore, because the facts as alleged in the indictment are not sufficient to establish the offense of criminal trespass regarding Jackson's rug, it is not a lesser included offense of attempted arson in this case. The trial court did not err.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 10, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Josh W. Thacker, Assistant District Attorney,* for appellee.