### A03A0223. JONES v. THE STATE.
(583 SE2d 546)

MIKELL, Judge.
Kenneth Lee Jones was convicted of burglary and possession of tools for the commission of a crime. Jones was indicted and tried with a co-defendant, Andrew Roy Kidd, whose conviction we affirmed in *Kidd v. State.*[1] On appeal, Jones challenges the sufficiency of the evidence as to each conviction. In addition, he argues that the trial court erred by denying his *Batson* motion and by admitting evidence that was not provided during discovery. We affirm.

---

[1] 241 Ga. App. 446 (526 SE2d 916) (1999). A third defendant, Wayne Smith, was also indicted for these offenses.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.[2]

Viewed most favorably toward the verdict, the evidence shows that two employees of the Silver Platter Catering Company arrived at work on the morning of January 16, 1998, and found a U-Haul truck backed up to the door of the business. One employee testified that she spoke briefly to the driver, a black male, when she saw another black male run from the inside of the building, slip and fall, and then enter the passenger side of the truck. A white male was already seated inside the truck. The men sped off, and the employees followed them, calling the police on a cell phone.

Sergeant Jeff Patellis of the Cobb County Police Department testified that he and several other officers stopped the truck. Three men were in the cab of the truck, two of whom Sergeant Patellis removed from the passenger side. The middle passenger, who was a white male, was holding a box containing a portable mixer that belonged to Silver Platter. Several other items from Silver Platter were found in the back of the truck, and tools commonly used to commit burglaries were found in the cab.

Jones denied his involvement in the burglary but admitted that he and Kidd were with Wayne Smith when the incident occurred because they had agreed to help him move some furniture. Jones testified that they stopped at various dumpsters en route looking for items to sell and that during one of those stops, he noticed that the Silver Platter's door was open. Jones pushed the door open to look inside, after which Smith parked the truck so that its rear door was flush against the back door of the business. Jones testified that he returned to the truck and that Smith went into the building. One of the officers testified that Jones told him that "the door was open and we looked inside and it looked like Christmas" because there were so many items in the store that were worth money, and that he did not go into the building because he knew it was wrong to do so without the owner's permission.

---

[2] (Citations and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

1. In his first enumeration of error, Jones challenges the sufficiency of the evidence to support the burglary conviction, arguing that there was no evidence that he entered the building or intended to commit theft. We find that the evidence was sufficient to sustain Jones's conviction.[3]

"While mere presence at the scene of a crime is not sufficient evidence to convict, criminal intent can be inferred from companionship, presence, and conduct before, during, and after an offense."[4] Jones testified that he pushed the door open, looked inside Silver Platter, left the door open, and then walked back to the truck; that Smith backed the truck up to the door and raised the U-Haul truck door; that he suspected that Smith had entered the building and would take items from inside; that he sat in the truck for the five minutes that Smith was in the building; and that by the time he exited the truck and walked toward its rear, Smith said that he was ready to leave.

"As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[5] "The testimony of a single witness is generally sufficient to establish a fact[,]"[6] and the credibility of witnesses is an issue that is within the province of the jury.[7] The store owner testified that when she left the building at 4:15 earlier that morning, she locked the back door. One of the officers explained that the lock on the door was not secure as he was able to open the locked door by simply yanking on the handle. Jones admitted that he pushed the door open and looked inside but did not enter the building. The employee, however, testified that the second black male, who would have been Jones, ran from inside the building. Based on the evidence, the jury was authorized to infer that Jones was a party to the crime in that he opened the door to the business and helped Smith to take Silver Platter's property.[8]

Jones also argues that the state did not prove that he possessed the tools involved in the commission of the crime. We rejected the same argument in *Solomon v. State*[9] where the defendant and a co-defendant were convicted of the same offenses as Jones. Similarly

---

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Footnote omitted.) *Cutkelvin v. State*, 258 Ga. App. 691, 694 (1) (574 SE2d 883) (2002).

[5] (Citation and footnote omitted.) *Dodson v. State*, 257 Ga. App. 344 (1) (571 SE2d 403) (2002).

[6] (Footnote omitted.) *Phagan v. State*, 243 Ga. App. 568, 570 (2) (533 SE2d 757) (2000); OCGA § 24-4-8.

[7] *Johnson v. State*, 273 Ga. 872, 874 (2) (548 SE2d 292) (2001).

[8] See OCGA § 16-2-20.

[9] 180 Ga. App. 636, 637 (1) (350 SE2d 35) (1986).

here, since there was evidence that Jones and Smith committed the burglary, "[e]ach, then, was responsible for the acts of others in carrying out the common purpose as if he himself had committed the act."[10] In light of the foregoing and the fact that the tools were found in the cab of the truck with the defendants, the evidence was sufficient to convict Jones of possession of tools for the commission of a crime.[11]

2. Jones next argues that the trial court erred by denying his *Batson* challenge to the state's use of a peremptory strike to remove an African-American juror. "The trial court's decision on a *Batson* motion rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province."[12] Accordingly, "[w]e review the trial court's denial of the *Batson* motion under a clearly erroneous standard."[13]

The record shows that after voir dire, defense counsel raised the *Batson* objection during a bench conference. The state offered two race-neutral reasons: (1) that the juror seemed to be of limited education and inarticulate, such that he would not be able to easily follow the trial; and (2) that because the juror's wife worked at the Atlanta Union Mission, the juror would likely be more sympathetic to homeless people. We have previously upheld the use of a peremptory strike based upon a juror's limited educational or work experience.[14] Therefore, this enumeration fails.

3. Defense counsel moved for a mistrial upon learning that one hour before trial, one of the officers provided the prosecution with a statement from Jones that was longer than the one-page summary that the prosecution produced during discovery. Jones argues that because of the state's discovery violation, the trial court should not have permitted the officer to testify about Jones's statement. However, when the testimony in question was introduced, Jones did not object. "Accordingly, he has waived any right to object to such evidence on appeal."[15]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 2003.

*Martin & Parker, Roderick H. Martin, Russell John Parker, Jr.,* for appellant.

---

[10] (Citations omitted.) Id.
[11] OCGA § 16-7-20.
[12] (Citation and punctuation omitted.) *Williams v. State*, 236 Ga. App. 190 (511 SE2d 561) (1999).
[13] (Citation omitted.) *Johnson v. State*, 266 Ga. 775, 777 (4) (470 SE2d 637) (1996).
[14] Id. at 776-777 (4).
[15] *Bray v. State*, 229 Ga. App. 23, 24 (1) (492 SE2d 911) (1997).

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.