## A03A2147. HERRING v. THE STATE.
(588 SE2d 286)

ELLINGTON, Judge.

A Hall County jury convicted Benjamin Herring of sale of cocaine, OCGA § 16-13-30. He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his conviction, and that the trial court improperly limited his cross-examination of a witness. Finding no error, we affirm.

1. Herring challenges the sufficiency of the evidence, particularly the credibility of the testimony by the undercover agent who purchased drugs from Herring and an accomplice.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Citation, punctuation and footnote omitted.) *Arnold v. State*, 260 Ga. App. 287, 288 (581 SE2d 601) (2003).

So viewed, the evidence showed that, on May 7, 1996, Herring went to Eberhart's Café in Hall County. At approximately 2:45 p.m., an agent of the Multi-Agency Narcotics Squad ("MANS") drove to the café after the MANS received a tip that Aunree Faulkner was selling crack cocaine there. The agent had previously purchased drugs at the café while undercover, and he went to the café to attempt another undercover purchase of drugs. He was dressed in "rough . . . dirty looking" clothes, and drove an older, unmarked, dented car with his

window down, so that it would appear that he wanted to purchase some drugs. As the agent slowly approached the café, Faulkner waved at him to pull into the lot. The agent called out to Faulkner that he was "trying to get hooked up," in other words, trying to purchase crack cocaine. Faulkner asked the agent if he wanted some dope. The agent responded that he wanted "about forty," meaning $40 worth of crack cocaine. Faulkner told him to "hold on."

Faulkner walked over to a man who was standing near the café. The agent already knew Herring, and testified that he saw the man's face and was "100 percent positive" that the man was Herring. Herring was wearing a black jersey with a tiger or lion on the front. As Faulkner approached, Herring asked, "What's he want?" and Faulkner responded "forty." Both men walked over to a table in the parking lot, and the agent saw Herring hand something to Faulkner. Faulkner walked to a point about twenty feet from the agent, yelled "hey," placed two pieces of crack cocaine on the curb, and told the agent to "come get it from right here." Faulkner then walked back to Herring and told the agent to "put the money right here." The agent walked over to the curb, picked up the crack cocaine, and placed two $20 bills on the curb. He went back to his car, and, as he left the parking lot, he saw Faulkner pick up the money. The agent radioed another officer with the MANS, reported that he had made a drug purchase at the café, and described the two suspects. The officer drove by the café within minutes and saw Herring in front of the table, wearing a black, jersey-type shirt with a tiger on the front. He testified that he had known Herring for "a number of years." Herring was arrested later and charged with selling cocaine.[1]

We find this evidence, viewed in favor of the jury's verdict, sufficient for the jury to find that Herring was guilty beyond a reasonable doubt of selling cocaine. *Woods v. State*, 232 Ga. App. 367-368 (1) (501 SE2d 832) (1998).

2. Herring contends the trial court erred in prohibiting him from cross-examining Agent Neece about the officer's alleged misidentification of a suspect in a previous case. The State objected to the evidence, challenging the factual basis of counsel's allegation and arguing that the evidence was irrelevant. The trial court agreed that such evidence, if it existed, was irrelevant, and prohibited this line of questioning.[2]

---

[1] The State also charged Herring with selling cocaine within 1,000 feet of a housing authority property, but the jury acquitted him of this charge. Faulkner was charged along with Herring, but pled guilty before trial.

[2] The court also stated that the State would not be allowed to bolster the officer's testimony by presenting evidence of previous positive identifications by the officer in other cases.

First, the record on appeal contains no evidence to support counsel's allegation of a prior misidentification by the officer in another case.

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort that both courts can know whether . . . the evidence really exists. . . . In the absence of this information, the assignment of error is so incomplete as to preclude its consideration by this [C]ourt.

(Citations, punctuation and footnote omitted.) *Wand v. State*, 230 Ga. App. 460, 464 (2) (e) (496 SE2d 771) (1998). Accordingly, there is nothing for this Court to review.

Further, "the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court[,] which will not be disturbed on appeal unless manifestly abused." (Citations and punctuation omitted.) *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994). Under the facts presented here, where the agent's identification was corroborated by other evidence, we find no abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 1, 2003.

*William B. Hollingsworth*, for appellant.
*Jason J. Deal, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.