A04A0057. STRONG v. THE STATE.
(593 SE2d 719)

ELLINGTON, Judge.

A Cobb County jury convicted David Michael Strong of selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30, and selling cocaine within 1,000 feet of a school, OCGA § 16-13-32.4. Following the denial of his motion for new trial, Strong appeals, challenging the sufficiency of the evidence. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the prosecution, the evidence showed the following facts. At about 8:00 p.m. on October 4, 2000, an undercover officer, accompanied by a confidential informant, drove into the parking lot of a gas station known for drug activity. The gas station was located within 1,000 feet of the Walker School. The officer saw Strong and Terric David Randall, a/k/a Marius Cofie, standing side by side in the parking lot, near a bank of outdoor telephones. After one of the men waved the car over, the officer drove up to and stopped the car near the telephones. The informant told Randall he wanted to buy "a 20," i.e., $20 worth of crack cocaine. Randall turned to Strong and said, "They need a 20." Strong handed something to Randall, which Randall immediately handed to the informant in exchange for a $20 bill. The item was a rock of crack cocaine.

In challenging the sufficiency of the evidence, Strong points to a few conflicts in the evidence, such as the officer's observation of Strong's participation in the drug sale versus Randall's testimony at trial accepting sole responsibility and exonerating Strong, and to bases for impeaching the credibility of the State's witnesses, such as the failure of the officer to personally write a report of the events. But, as we have said, "the jury determines credibility and resolves conflicts in the evidence; this Court does not reweigh the evidence but only determines its legal sufficiency." (Punctuation and footnote omitted.) *Head v. State*, 254 Ga. App. 550, 552 (4) (562 SE2d 815) (2002). Thus, any alleged conflicts in the testimony of the officer and Randall were resolved by the jury in determining Strong's guilt. Id. Because the evidence was sufficient for a reasonable jury to find Strong guilty beyond a reasonable doubt of the offenses charged, we affirm. *Woods v. State*, 232 Ga. App. 367, 368 (1) (501 SE2d 832) (1998); *Williams v. State*, 218 Ga. App. 571, 572 (1) (462 SE2d 457) (1995). See *Farmer v. State*, 185 Ga. App. 512 (1) (364 SE2d 639) (1988) (witness's testimony that he, rather than defendant, was

responsible for driving violations did not render evidence insufficient to convict).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JANUARY 22, 2004.

*Patrick G. Longhi*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Jesse D. Evans, Assistant District Attorneys*, for appellee.