## A05A1178. McKINNEY v. THE STATE.
### (619 SE2d 367)

BARNES, Judge.

Timothy Bernard McKinney appeals his conviction for selling cocaine in violation of the Georgia Controlled Substances Act. He alleges that the State presented insufficient evidence as a matter of law to convict him because he was a mere bystander to the sale of cocaine. Finding sufficient evidence of his participation in the sale, we affirm.

> On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

*Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in this light, the evidence shows that a confidential informant for the Lowndes County Sheriff's Office Narcotics Investigation Division purchased crack cocaine while under police surveillance. The police wired the informant with an audio device and a video camera which was attached to a pair of sunglasses.

The informant drove to an area in Valdosta, Georgia, approached McKinney and a smaller man, and asked them "if they knew anything." The informant testified that McKinney then asked her what

she was looking for, to which she replied, "hard," which is a common terminology for crack cocaine. The informant then requested $40 worth of crack, and informed McKinney that she wanted to get off the street. McKinney motioned for her to pull over to the other side of the street, which she did. The informant testified that McKinney made a hand-off to the smaller man, who then walked over and gave her crack cocaine in exchange for her $40. In addition to the informant's testimony, the State presented the videotape of the transaction, allowing the jurors to view McKinney's nonverbal gestures for themselves.

Based on inconsistencies and vagueness in the informant's testimony, as well as her possible bias in favor of the police, McKinney contends that insufficient evidence shows that he was anything more than a bystander, not guilty of any crime. We disagree. First, "the jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence." (Citation and punctuation omitted.) *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004).

Second, the State did not rely solely on the testimony and credibility of the confidential informant. It also submitted the videotape of the transaction, which corroborates the confidential informant's testimony and provides independent evidence of McKinney's conduct. It shows that McKinney talked with the confidential informant about the sale, agreed to the sale, accommodated the informant's request to get off the main street by directing her where to go, and made a hand-off to his companion who actually delivered the crack cocaine. This evidence shows much more than mere presence and is sufficient to support McKinney's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 2, 2005.

*David F. Sandbach, Jr.*, for appellant.
*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.