## A06A1122. SPRADLIN v. THE STATE.
(631 SE2d 828)

BLACKBURN, Presiding Judge.

Following a jury trial, George Wesley Spradlin appeals his convictions of burglary and of possession of tools for the commission of a crime, contending that the evidence was insufficient to support his convictions. We disagree and affirm.

> The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia.*[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State.*[2]

So viewed, the evidence shows that at approximately 11:30 p.m., Max Fitts, the owner of a towing business, heard an unusual noise coming from a loading dock in the building next to his office. Upon investigating the noise, Fitts saw a pickup truck and two men at the door of the loading dock. One man was holding the security chain on the door, and the other was cutting the chain with bolt cutters. Fitts immediately called 911 and reported what he saw.

Two police officers responded to the call, and Fitts directed them to the loading dock where he saw the two men. As Fitts spoke to the officers, an officer heard two car doors shut and an engine start. Upon arriving at the loading dock, the officers stopped the pickup truck,

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Taylor v. State,* 266 Ga. App. 818 (598 SE2d 122) (2004).

which was pulling away as they arrived, ordered the driver and Spradlin (the passenger) out of the truck, and secured them. The officers discovered that the chain on the loading dock door had been freshly cut and that two links were lying on the ground beneath the lock.

After the officers arrested Spradlin and the driver, they found a pair of bolt cutters in the front seat of the pickup truck and a paint sprayer and pressure washer in the back of the truck. The paint sprayer and pressure washer had been stored in the building by Michael Scibetta, the owner of a concrete business, who neither knew Spradlin nor gave him or the driver permission to take the equipment from the building.

Spradlin was charged with burglary and with possession of tools for the commission of a crime. Following his conviction by a jury and the denial of his motion for a new trial, Spradlin now appeals, contending that the evidence was insufficient to support his convictions. We disagree.

1. "A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters or remains within . . . any building." OCGA § 16-7-1 (a). Spradlin contends that he was not involved in the burglary based on his and the driver's testimony at trial that Spradlin had been drinking beer all day and was passed out in the truck while the driver committed the burglary without Spradlin's knowledge. However, there was also testimony from an eyewitness who saw the pickup truck outside the loading dock and two men cutting the chain to the loading dock door. When questioned at trial, the witness emphasized that he had no doubt that he saw two men cutting the chain. A police officer testified to hearing two car doors shut and an engine starting at the loading dock immediately before the officer's arriving there and intercepting Spradlin in the pickup truck, which contained a pressure washer and paint sprayer that did not belong to Spradlin. The officer also testified that Spradlin was not passed out when he made contact with Spradlin.

> Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Herring v. State.*[3]

Spradlin and the driver contradicted the evidence that two men were seen cutting the security chain, and that Spradlin was not passed out when the police intercepted him. However, the jury was authorized to disbelieve the account offered by Spradlin and the driver and instead to believe the other witnesses' testimony. See *Mickens v. State.*[4] Accordingly, the evidence was sufficient to authorize a rational trier of fact to conclude that Spradlin was guilty of burglary beyond a reasonable doubt. See *Jackson v. Virginia,* supra.

2. With respect to the charge of possession of tools to commit a crime, OCGA § 16-7-20 (a) provides that "[a] person commits the offense of possession of tools for the commission of crime when he has in his possession any tool . . . or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime."

Spradlin again argues that in light of his account that he was passed out and did not participate in the burglary, the evidence was insufficient to convict him. This again calls on us to weigh conflicting evidence and to assess witness credibility, which is beyond the scope of this Court's review. See *Smith v. State.*[5]

> Conspirators are responsible for the acts of each other in carrying out the common purpose or design, although such acts may constitute another criminal offense. . . . Where two or more persons enter into a conspiracy to commit burglary, and in attempting to carry out such felonious design either of them has in his possession burglary tools, such possession is the possession of all, and each is guilty of a violation of . . . OCGA § 16-7-20, prohibiting and punishing the possession of such tools. There was evidence that [Spradlin] and [the driver] jointly participated in the commission of the burglary. Each, then, was responsible for the acts of [the other] in carrying out the common purpose as if he himself had committed the act.

(Citations and punctuation omitted.) *Solomon v. State;*[6] see *Jones v. State.*[7] In light of the evidence that the bolt cutters were used in the burglary and the bolt cutters were found in the front seat of the truck in which Spradlin and the driver were intercepted, the evidence was

---

[3] *Herring v. State,* 263 Ga. App. 470 (1) (588 SE2d 286) (2003).

[4] *Mickens v. State,* 277 Ga. 627, 629 (593 SE2d 350) (2004).

[5] *Smith v. State,* 246 Ga. App. 191, 192 (1) (539 SE2d 881) (2000).

[6] *Solomon v. State,* 180 Ga. App. 636, 636-637 (1) (350 SE2d 35) (1986).

[7] *Jones v. State,* 261 Ga. App. 698, 700-701 (1) (583 SE2d 546) (2003).

sufficient to convict Spradlin of possession of tools for the commission of a crime. See *Kennon v. State;*[8] *Norwood v. State.*[9]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 6, 2006.

*Sullivan, Sturdivant & Ogletree, Samuel H. Sullivan,* for appellant.

*Scott L. Ballard, District Attorney, Gail M. Travillian, Cindy L. Spindler, Assistant District Attorneys,* for appellee.

---

[8] *Kennon v. State,* 232 Ga. App. 494, 496 (3) (502 SE2d 330) (1998).
[9] *Norwood v. State,* 265 Ga. App. 862, 864-865 (2) (595 SE2d 537) (2004).